## Aaron White vs. Sylvester Dresser.

Worcester. Oct. 6, 1882. — June 19, 1883. C. Allen, Colburn & Holmes, JJ., absent.

In an action for a violation of the plaintiff's right to lateral support, by so digging upon the defendant's adjoining land as to cause a portion of the plaintiff's land and a stone wall upon it to fall, and to endanger trees which have been set out upon the land, designed for a burial-place, which design is not known to the defendant, although the defendant is guilty of gross carelessness, the measure of damages will not include injury to the plaintiff's feelings.

Tort for injuries caused by the excavation of land adjoining that of the plaintiff. Trial in the Superior Court, without a jury, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the plaintiff owned a tract of land in Dudley; that he had planted a grove of pine trees in a circular form near one side of it, which he designed for a burial-place. There was no evidence that the defendant knew of this design. The evidence further tended to show that the land adjoining the plaintiff's land was owned by the New York and New England Railroad Company, which gave the defendant an oral license to go upon it and dig sand for making brick; that the defendant, in pursuance of said license, went upon the land, by his servants and agents, and excavated the sand over a considerable area; that at one point he excavated so near to the line of the plaintiff's land, that a part of a common farm wall between two and three feet high, fell down for a distance of about twenty feet, and a portion of the surface of the earth on the plaintiff's side of said wall, namely, the surface of a piece of land about three feet wide at the widest place, and coming to a point at either end, and being about twenty feet long, also fell down.

The evidence showed that the plaintiff's land was worth from $25 per acre up to $500 for the whole six acres of which the lot consisted. The plaintiff testified that he had a conversation with the defendant after the wall and land fell down, and the defendant said he would fix it, and he did afterwards put up a board fence at the point, which the plaintiff claimed to be wholly insufficient. The evidence showed that the surface of

the plaintiff's land, which fell as aforesaid, fell from three to eight feet. The whole depth of the excavation made by the defendant on the adjoining land was about twenty feet. There was evidence tending to show that, after said land and wall fell, and after this action was brought, the defendant continued to dig sand on the adjoining lot at a point farther north than the point where said land fell, and the defendant at that point dug so near to the plaintiff's land that the earth fell away to within a foot and a half of the plaintiff's line at one point, and to within two feet and a half and three feet and a half at several other points, leaving the surface a ragged edge, but no part of the plaintiff's land or fence fell except as before stated. The defendant testified that he did not dig within five feet of the plaintiff's line at the point where the plaintiff's fence and land fell, and that it fell owing to the nature of the soil and other natural causes. The land of the plaintiff had only been used as pasture and farming land, except that he had planted the grove of pines, as before stated. The plaintiff offered evidence that the land would be in danger of washing down and injuring said grove unless protected by a retaining wall, and also offered evidence of the cost of such a retaining wall. The soil of the plaintiff's land and that adjoining was sandy.

The defendant asked the judge to rule as follows : " There is no evidence of any wanton or wilful conduct or gross negligence on the part of the defendant, and nothing to warrant finding an aggravation of damages or any injury to the plaintiff's feelings."

The judge declined so to rule ; found that the defendant's violation of the plaintiff's right of lateral support occurred through gross carelessness and want of ordinary attention to the rights of the plaintiff, and that the plaintiff's premises could not be restored to their condition before the injury with reasonable expense ; ruled that the measure of damages might include the actual and natural injury to the feelings of the plaintiff as well as the injury to his property ; that the measure of damages to his property was the difference between its value before and its value after the injury, and that the cost of restoring the property was not applicable as a measure of damages ; and found and assessed damages for the plaintiff in the sum of $100. The defendant alleged exceptions.

*F. P. Goulding*, for the defendant, was stopped by the court.

*W. S. B. Hopkins*, for the plaintiff.

W. ALLEN, J. The defendant dug upon his own land, which formed the natural lateral support of the plaintiff's adjoining land, so that some of the plaintiff's land and a stone wall upon it fell, and some trees which had been set out upon the land by the plaintiff were endangered. This, if done without malice or negligence, would be a wrongful act, and entitle the plaintiff to damages for the injury to his land in its natural state. *Gilmore* v. *Driscoll*, 122 Mass. 199, and cases cited. The court ruled, in effect, that, if the defendant's violation of the plaintiff's right of lateral support occurred through gross carelessness, or want of ordinary attention to the rights of the plaintiff, the measure of damages might include injury to the feelings of the plaintiff, as well as injury to his property. The court did not find, and the evidence does not disclose, any circumstance of aggravation which could cause injury to his feelings, unless gross carelessness can be deemed such. " Want of ordinary attention to the rights of the plaintiff" is want of ordinary care. "Gross carelessness" does not imply, but, in the construction of the ruling, excludes an intentional and wilful wrong to the plaintiff. The negligence of the defendant consisted in the act of his servants in carelessly digging upon his land near the land of the plaintiff. It was a careless act; and, however gross the carelessness, the court found no wrong, and nothing to affect or give character to the act, except want of care. There was not found, directly or by implication, any act or word of insult or contumely, — any intentional violation of the plaintiff's rights, — any " wilful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Milwaukee & St. Paul Railway* v. *Arms*, 91 U. S. 489. Waiving the question whether the rule of damages given would have been proper had the injury been inflicted with a manifest disregard of the plaintiff's rights, and with a purpose to injure him exhibited, it is sufficient to say that there was nothing in the nature of the injury to the plaintiff's property which involved injury to his feelings, and nothing in the circumstances attending it, as shown by the evidence and found by the court, which could give him a right to damages for wounded feelings. *Emblen* v. *Myers*, 6 H. & N. 54. *Canning* v. *Williamstown*,

1 Cush. 451.  *Stowe* v. *Heywood*, 7 Allen, 118.  *Meagher* v. *Driscoll*, 99 Mass. 281.  *Hawes* v. *Knowles*, 114 Mass. 518.

*Meagher* v. *Driscoll* was trespass for breaking and entering the plaintiff's close, which was the burial-place of his deceased child, and removing the remains of the child.  The defendant contended that the act was done through accident and mistake as to the plaintiff's rights, and that the measure of damages should be the actual injury to the real estate only.  A ruling, that, if the defendant acted either with a wilful disregard of the plaintiff's rights, or under a mistake arising from gross carelessness, the jury might, in assessing the damages, consider the injury to the plaintiff's feelings, was sustained.  The natural consequence of the trespass was injury to the plaintiff's feelings, and the point decided was, that the damages could not be mitigated by reason of a mistake of the defendant arising from his gross negligence.

In the case at bar, gross carelessness was the only ground for allowing damages for injured feelings.  Neither the plaintiff's ownership of his land, nor the use which he had made or which he intended to make of it, was sufficient so to identify or connect him with it that the injury to it would, of itself, be a personal injury to him.                    *Exceptions sustained.*