# Shepherd *v.* The State.

## *Indictment for Rape.*

1. *Indictment for rape; admissibility of evidence.*—On a trial under an indictment for rape, where it is shown that the defendant was the stepfather of the person ravished, who was a girl twelve years of age, ignorant and illiterate, it is competent for the State to prove by the prosecutrix and other witnesses that the mother of the prosecutrix had died about three weeks prior to the commission of the offense.

2. *Same; same.*—On a trial under an indictment for rape, where the witnesses introduced by the State had testified to facts corroborating the testimony of the prosecutrix and tending to show the commission of the offense charged, it is competent for the defendant, on the cross examination of one of said witness, to ask her if she had not been trying to take the prosecutrix away from the defendant before the alleged offense was committed; since, if the answer to the question was in the affirmative, it would have afforded some inference to be drawn by the jury that said witness was unfriendly to the defendant, which fact was competent as bearing upon her credibility.

3. *Argumentative, abstract and misleading charges* are properly refused.

4. *Charge on part of evidence; properly refused.*—A charge requested by the defendant which instructs the jury that if they believe the testimony of the defendant they can not find the defendant guilty, is erroneous and properly re-

fused; such charge ignoring conflicting evidence by the witnesses.

5. *Indictment for rape; charge as to force.*—While to constitute the offense of rape it must be shown that the act was done with force, such force need not be actual but may be constructive or implied; and, therefore, on a trial under an indictment for rape, a charge which instructs the jury that if they have "a reasonable doubt whether the act was done with force" they must acquit the defendant, is properly refused; said charge having a tendency to mislead the jury to the belief that actual force was necessary to constitute the crime charged.

6. *Charge as to evidence; when properly refused.*—In the trial of a criminal case, a charge which instructs the jury that "they have a right to believe any one of the witnesses and discard all of the others" is erroneous and properly refused.

APPEAL from the Law and Equity Court of Walker. Tried before the Hon. PEYTON NORVELL.

The appellant Ed Shepherd, was indicted and tried for forcibly ravishing Lastena Russell, a girl, and was convicted of the offense charged and sentenced to the penitentiary for ten years.

The evidence introduced on the trial of the case and the facts relating to the rulings upon the evidence are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, if you find from the evidence that the defendant is not guilty of nothing more than assault or assault and battery then you will take in consideration that fact that defendant is the father of the prosecutrix and has a right to chastise her in a reasonable manner and way." (2.) "I charge you, gentlemen of the jury, that if you believe Ed Shepherd's evidence you cannot find defendant guilty." (3.) "I charge, you, gentlemen of the jury, if you have a reasonable doubt whether the act was done with force you must acquit the defendant though the prosecutrix is young and of weak mind." (4.) "I charge you, gentle-

men of the jury, if you have a reasonable doubt as to whether defendant did the act without her consent, you must acquit the defendant though you may believe that there was force used and that prosecutrix was a woman of weak mind." (5.) "I charge you, gentlemen of the jury, you have the right to believe any one of the witnesses and discard all of the others."

LEITH & SHERER for appellant, cited *McQuirk v. State,* 84 Ala. 435; 1 Greenleaf on Evidence, 51; *Governor v. Campbell,* 17 Ala. 566; *Campbell v. State,* 23 Ala. 44; *Wisdom's Case,* 8 Port. 511.

CHAS. G. BROWN, Attorney-General for the State.

HARALSON, J.—The evidence showed without dispute that the prosecutrix was a girl of about twelve years of age and lived with the defendant, who was her stepfather. She testified that there were at defendant's house three children and herself, and the defendant made the others besides herself go out of the house to play; that he shut the door and made her get on the bed when he committed the act of sexual intercourse with her; that he shook her and said he would kill her if she did not give up to him. The evidence showed that prosecutrix was very ignorant and illiterate.

The State proved by prosecutrix and other witnesses that her mother had died about three weeks before the occurrence. The defendant objected to proof being made as to the death of the mother. The objection was properly overruled. Such evidence was pertinent to show the situation of the parties and opportunity for defendant to commit the act.

The State examined a woman by the name of Nancy who testified that she was called to see prosecutrix at defendant's house the day the alleged offense was committed, that defendant was there and she examined her and found, as she expressed it, "that some man had something to do with her," and her evidence, as well as that of Dr. Wood, tended to corroborate that of the prosecutrix. On the cross-examination of

the witness, Nancy, she was asked by defendant: "Have you not been trying to take Lastena Russell [the prosecutrix] away from Ed Shepherd [the defendant] before this alleged offense was committed?" To the question an objection by the State was sustained. In this there was error. If allowed to answer, and her answer had been in the affirmative, it might have afforded some inference to be drawn by the jury that she was unfriendly to the defendant; a fact competent to be shown as bearing on her credibility. *Fincher v. State,* 58 Ala. 219 ; 1 Gr. Ev., § 450.

The first charge requested by defendant is subject to the vice of being argumentative, abstract and misleading.

The second charge, basing the right of acquittal on the evidence by defendant himself, ignoring the conflicting evidence of other witnesses, was properly refused.—*Finch* v. *State,* 81 Ala. 41.

The force necessary to be used, to constitute the crime of rape, need not be actual, but may be constructive or implied. An acquiescence to the act obtained through duress or fear of personal violence, is constructive force, and the consummation of unlawful intercourse by the man thus obtained would be rape.— *McQuirk v. State,* 84 Ala. 435; *Norris v. State,* 87 Ala. 85. Charge three was misleading in that the jury might have inferred therefrom that actual force was necessary to constitute the crime.

Charge 4 is abstract, confused and misleading, and ignores the character of the force hypothesized.

Charge 5 was subject to the vice of being argumentative and misleading. While the jury are the only ones to determine questions of fact, and in a measure are uncontrolled therein, yet they have no legal or moral right to arbitrarily and capriciously believe one set of witnesses and not another. It is their business to weigh the evidence of witnesses in connection with all the evidence, and decide according to their belief from its weight.—*Hussey v. State,* 86 Ala. 34.

Reversed and remanded.