# Wheat v. The State.

*Presenting Gun at Another.*

(Decided Dec. 19, 1911.   57 South. 68.)

1. *Weapons; Presenting at Another; Evidence.*—Where a prosecution was for presenting gun at another, evidence, of the friendly relations of the prosecutrix with the defendant after the alleged commission of the offense, the time of her first complaining, whom she told about the occurrence, and why she did not sooner swear out the warrant, is irrelevant.

2. *Witnesses; Examination; Showing Bias.*—As tending to show bias on the part of the prosecuting witness, it was competent to show on cross examination that she was mad with defendant because of a mortgage he had upon her property.

APPEAL from Macon County Court.

Heard before Hon. MILO ABERCROMBIE.

Richard Wheat was convicted of presenting a firearm at another and he appeals. Reversed and remanded.

O. S. LEWIS, for appellant.—Proof of bias, hostility or ill will of the prosecuting witness to the defendant, is competent and may be shown by questions on cross examination.—*Blakey v. Blakey,* 33 Ala. 611 *McHugh v. The State,* 31 Ala. 317; *Bullard v. Lambert,* 40 Ala. 204; *Fincher v. The State,* 58 Ala. 219. The court erred in refusing to permit it to be shown why the warrant was not earlier sworn out, and that the prosecutrix

had been friendly with the defendant since the alleged commission of the offense.—*Linnehan v. The State,* 120 Ala. 293; *Hurst v. The State,* 133 Ala. 96; *Patterson v. The State,* 156 Ala. 66.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the assignments of error relative to evidence, but without citation of authority.

PELHAM, J.—The prosecutrix's friendly relations with the defendant after the commission of the alleged offense (the defendant being charged with a violation of section 6893 of the Code of 1907), when she first complained, whom she told about the occurrence, and why she did not sooner swear out the warrant, are all matters having no tendency to prove or disprove the issues before the court, are therefore irrelevant, and were not admissible for any purpose. On cross-examination the prosecutrix was asked: "Are you not mad with defendant because of a mortgage he has on your property?" This was a legitimate and proper question on cross-examination to show bias or feeling on the part of the prosecuting witness, and the court erred in sustaining the state's objection to the question. *Samford v. State's* 143 Ala. 78, 83, 39 South. 370; *Fincher v. State,* 58 Ala. 215; *Shepard v. State,* 135 Ala. 9, 33 South, 266.

The judgment must be reversed for the error shown. Reversed and remanded.