# Crews & Green *v.* Parker.

*Trespass and Trover.*

(Decided April 15, 1916. 68 South. 287.)

1. *Trespass; Personal Property; Injury to Business; Damages.*— Where the complaint in trespass to personal property alleged the taking of restaurant furniture, the recovery of special damages proximately resulting in a suspension of the business for a period greater than a mere temporary suspension or disturbance was not impossible in such sense as to render erroneous the action of the trial court in refusing a motion to strike such claim for damages.

2. *Same.*—Where the complaint in trespass for the removal of personal property alleged the taking of the property in a rough and rude manner over the protest of the owner, the recovery of damages for mental distress was not so impossible as to render erroneous the refusal to strike such claim for damages.

3. *Same; Pleas; Right to Retake.*—Where the action was for trespass for taking personal property. and the pleas thereto sufficiently asserted the right of defendant to retake the property upon default of plaintiff in payment under an installment contract, but every count to which they were addressed made material averments of facts negativing the peaceable nature of the retaking, the sustaining of demurrers to such plea was not prejudicial.

4. *Appeal and Error; Harmless Error; Evidence.*—Where a question was disallowed by the court. but was subsequently answered in terms by the witness, the disallowance of the question was rendered harmless.

5. *Same; Assignment; Identification of Ruling.*—Where the ruling on the admission of evidence on which error was predicated could not be found on the page referred to in the assignment, and is not sufficiently otherwise identified. no question for determination as to that matter is presented.

6. *Trespass; Personal Property; Force.*—The employment of force need not be proven to maintain an action for trespass to personal property.

7. *Same; Allegation of Force.*—Where the complaint used the word "force" in connection with the averment that the taking of the personal property was against the will of the plaintiff, the term as thus employed did not necessarily assert the application of physical violence, but merely of constructive force. which would be sustained by proof of threats to compel plaintiff's submission.

8. *Same; Instruction.*—A charge asserting that the power to take possession of the property sold under an installment contract was coupled with an interest and created a license in favor of the taker, which became irrevocable upon default, was properly refused where

there was evidence tending to show full payment for the property by plaintiff; the action being in trespass for the taking of the property.

9. *Same.*—A charge asserting that if the jury believe from the evidence that there was a default in payment under an installment contract, the seller had the right to enter the premises and take possession of the property against plaintiff's will and protest, if nothing more was said or done than a simple protest on the part of the plaintiff, was unintelligible and properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by R. P. Parker against the firm of Crews & Green and its members. Judgment for plaintiff, and defendants appeal. Affirmed.

Transferred from Court of Appeals under section 6, Acts 1911, p. 450.

The complaint alleges, in effect, that defendants or their agents or employees, acting within the line and scope of their employment, entered the place of business of plaintiff in Birmingham and took therefrom certain personal property, and plaintiff avers that as a proximate result of said wrong, he has been deprived of the possession of such property; he has been greatly damaged in his business; he has been caused to suffer much discomfort, mental pain and anguish, and was greatly distressed. The first count alleges that the property was taken against his will and over his protest, and in a rude and rough manner. The second count alleged the taking after a warning not to molest said property in any manner against the will and protest of plaintiff, and by the use of enough force to take and carry it away. The other counts allege the wrongful, willful, and wanton taking thereof with force and against plaintiff's will. The pleas set up the usual installment form of contract, and that the property was purchased thereunder, and that a certain amount was due thereon, that demand was made for the return of property, etc., The following are charges 3 and 10:

[Crews & Green v. Parker.]

"(3) I charge you, gentlemen, that the power to take possession of the property embraced in the complaint and described in the contract is a power coupled with an interest, and created a license in favor of defendant, which became irrevocable without their consent."

"(10) If you believe from the evidence that there was a default in the payment, under the contract, of the plaintiff in this cause, defendant had a right to enter the premises of plaintiff and take possession of said property against his will and protest, if nothing more was said or done than a simple protest on the part of plaintiff."

J. S. KENNEDY, for appellant.

W. T. STEWART, for appellee.

McCLELLAN, J.—The plaintiff, the appellee, was accorded the judgment from which the defendants, appellants, appeal on an asserted right of action for a trespass committed in the taking of personal property then in use by the plaintiff in his business of a restaurateur. The property alleged to have been taken consisted of an ice box, a table, and 11 chairs.

Complaint is made of the action of the court in declining to strike from several of the counts claims for special damages of these characters, viz., damage to the plaintiff's business, and mental pain and anguish.

(1) A trespass committed in the taking of personal property used by the owner in a lawful business enterprise may entitle him to recover special damage, proximately resulting from the wrong, in the suspension of such business for a definite period beyond a mere temporary disturbance.—*Sparks v. McCreary*, 156 Ala. 382, 47 South. 332, 22 L. R. A. (N. S.) 1224; *Smith*

*v. Dinkelspeil,* 81 Ala. 528, 8 South. 490. On this complaint it cannot be affirmed as a matter of law that the indicated possible element of damage to the plaintiff's business was not recoverable in this action.

(2) Where the trespass to property is aggravated, or evinces an intentional violation of, or disregard for, the plaintiff's rights, mental distress proximately consequent upon the thus committed trespass may be an element of damage for which the plaintiff is entitled to compensation.—1 Suth. on Damages, § 95, p. 278; *White v. Dresser,* 135 Mass. 150, 46 Am. Rep. 454; *Mattingly v. Houston,* 167 Ala. 167, 52 South. 78; 38 Cyc. 1137.

On the complaint under view, it cannot be affirmed as a matter of law that the special circumstances averred do not make a case, under the doctrine just stated, wherein mental distress or disturbance may become an element of recoverable damages. Hence the motion to strike that feature of the claim for special damages was overruled without error.

(3) The question of prime importance was whether the plaintiff had paid the defendants in full for the property. The title was retained by them until the purchase price was paid; and the contract affirmed their right to retake the property upon default made. The difference between them was the matter of a $5 claimed balance on a $30 contract. In pleas 3, 4, and 5 the defendants sought to avail of their right, as upon an asserted default in payment by plaintiff, to peaceably retake the property within the familiar doctrine of *Street v. Sinclair,* 71 Ala. 110; *Fuller v. State,* 115 Ala. 61, 22 South. 491; *Terry v. Williams,* 148 Ala. 469, 41 South. 804. Even if it should be conceded that these pleas were all-sufficient in asserting the right to peaceably retake the property, still no prejudicial error was

committed in sustaining demurrers to them; for the reason that every count to which they were addressed carried material averment of fact, which, if established as plaintiffs undertook the burden to do, negatived a peaceable retaking of the property by the defendants. The first count was the weaker one in this respect. It alleged that the property was taken against his will and over his protest and that the taking was done in a rude and rough manner. Any act or action manifesting force or violence, or naturally calculated to provide a breach of the peace, in the recaption of property renders the actor a trespasser, and precludes him from availing of his right to retake the property. To enter one's premises, and notwithstanding the possessor's protest, and in a rude and rough manner to take chattels against his will, is, we think, clearly not an assertion of a right in a peaceable manner. The defendant's plea, in this connection, could have added nothing to their defense; the plaintiff having assumed the burden to affirmatively establish a state of fact rendering the matter of the pleas unavailable to the defendants.

(4, 5) There is no merit in the assignment predicated of the ruling made during the examination of the witness Salter. Subsequently the question disallowed by the court was answered, in substance, by the witness. The only other ruling on the admission of evidence of which complaint is made cannot be found at the page reference in the assignment. It is not sufficiently otherwise so identified therein as to invoke review of any particular ruling.

(6) To maintain an action of trespass, committed in the wrongful taking of personal property, it is not necessary to prove the employment of actual force.—*Gibbs v. Chase,* 10 Mass. 125; *Miller v. Baker,* 1 Metc.

(Mass.) 27; *Dexter v. Cole,* 6 Wis. 319, 70 Am. Dec. 465; 2 Jaggard on Torts, pp. 660-662.

(7) In describing the taking of the property, the several counts, other than the first count, use the term "force" in connection with the averment that the taking was against the will and without the consent of the plaintiff, in whose rightful possession he contends the property was. We do not interpret the term "force," thus employed, as asserting the application of actual force or physical violence to the person of the plaintiff. If the term (force) was interpreted as asserting the use of a *force* of a different character from that the law implies as upon the unjustified taking of another's property from his possession, there was evidence tending to show the utterance of threats, under circumstances reasonably calculated to impress the object of them with the belief of the present existence of ability to execute them, the natural effect of which were to constitute constructive force in such sort as to compel the submission of the plaintiff, against his will, to the appropriation of what he asserted to be his property.—See *Shepherd's Case,* 135 Ala. 9, 33 South. 266. Hence there was no error in refusing to the defendant the general affirmative charge on the theory that there was failure of proof in respect of the *force* alleged.

(8) Charge 3 was properly refused. It invaded the jury's province. There was evidence tending to show that the plaintiff had, previous to the alleged trespass, fully paid for the property; and, if so he had, the contractual right to retake the property did not then exist.

(9) It was not error to refuse charge 10, requested by the defendant. As set out in the bill of exceptions, it is unintelligible.

[Southern Railway Company v. Brown.]

There being no merit in the errors assigned and insisted upon in brief, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.