[No. 14615. Department One. March 15, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
ALBERT MILLER, *Appellant.*[1]

RAPE—CONSENT — FEAR — EVIDENCE — SUFFICIENCY. Under Rem.
Code, § 2435, subd. 3, denouncing rape where resistance is prevented
by fear of immediate and great bodily harm with reasonable cause
to believe that the same will be inflicted, a conviction of rape is sus-
tained, where the prosecutrix was taken to a lonely spot by a num-
ber of men for the purpose under a prearranged plan of which she
had no notice, and submitted without forcible resistance through fear
and because she felt it useless to resist.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered November 24, 1917,
upon a trial and conviction of rape. Affirmed.

*E. F. Kienstra,* for appellant.

*Alfred H. Lundin* and *T. H. Patterson,* for respond-
ent.

FULLERTON, J.—The appellant was convicted of the
crime of rape, under an information based upon Rem.
Code, § 2435, providing that:

''Rape is an act of sexual intercourse with a female
not the wife of the perpetrator committed against her
will and without her consent. Every person who shall
perpetrate such an act of sexual intercourse with a
female of the age of ten years or upward not his wife:
. . . (3) When her resistance is prevented by fear
of immediate and great bodily harm which she has
reasonable cause to believe will be inflicted upon her,
. . . Shall be punished by imprisonment in the state
penitentiary for not less than five years.''

From the judgment of conviction, this appeal is pros-
ecuted.

The sole question involved is whether the evidence
supports the charge laid in the information. The evi-

[1]Reported in 171 Pac. 524.

dence shows that the prosecutrix was lured into taking a motorcycle ride with a young man, who had arranged with some ten other young men to follow him on motorcycles, the object of the party being to have sexual intercourse with the prosecutrix. She was in ignorance of their design. After going some distance into the country, the conductor of the girl stopped his machine at a cross-road under pretense that something was wrong with the motor. Some of his confederates arrived at this juncture, and her conductor and one of the new arrivals took the girl by each arm and led her to a place some distance from the highway, where she was subjected to the successive assaults of her conductor and several members of the accompanying party. The girl did not forcibly resist or make an outcry. After the first man had accomplished his purpose, she tried to escape, but others took hold of her and held her while the subsequent assaults were made. The girl testified that she was afraid of the men and that she felt it useless to resist because she knew the others were there to help the one engaged in assaulting her; that she was afraid to make resistance because (as she stated) "I little knew what these men would do to me if I did." At one stage of the proceedings, when the girl was not so submissive as desired, one of the party suggested giving a hypodermic to quiet her. While there was no evidence of physical violence, there was also no evidence of consent on the part of the girl, other than the fact of submission.

But submission due to a yielding to fear does not constitute consent. The girl realized she was in the presence of a number of men in a lonely spot, gathered together to aid one another in accomplishing their purpose, and in addition to a realization of helplessness against numbers, was the threat of drugging her if she resisted. The force necessary to be used to con-

stitute the crime of rape need not be actual, but may be constructive or implied. An acquiescence in the act, obtained through duress or fear of personal violence, is constructive force, and the consummation of unlawful intercourse by the man thus obtained would be rape. *Shepherd v. State,* 135 Ala. 9, 33 South. 266.

In the case of *Doyle v. State,* 39 Fla. 155, 22 South. 272, 63 Am. St. 159, the defendant in a prosecution for rape requested the court to charge the jury: "Unless you are satisfied beyond any reasonable doubt that she did not during any part of the act yield her consent, you must acquit." The refusal of the trial court to give this instruction was sustained on appeal, the supreme court declaring such instruction erroneous,

"because it requires a greater degree of resistance upon the part of a woman than the law and common sense demand where the offense is accomplished, as in this case, with an exhibition of weapons and threats, calculated to produce in the mind of the woman a reasonable fear of death or great bodily harm in case of resistance. Consent of the woman from fear of personal violence is void, and though a man lays no hands on a woman, yet if by an array of physical force, he so overpowers her that she dares not resist, his carnal intercourse with her is rape."

The version of the evidence we have given is largely that of the prosecutrix. It is at variance in many of its material particulars with that of the appellant's witnesses. But the question whether the truth lay with the side of the prosecution or with the side of the appellant was for the jury, and we can but conclude that the evidence on the part of the prosecution, if believed, was sufficient to sustain a conviction.

The judgment is affirmed.

ELLIS, C. J., PARKER, WEBSTER, and MAIN, JJ., concur.