(129 So. 478)

## KNIGHT v. STATE.

### 5 Div. 790.

Court of Appeals of Alabama.
June 30, 1930.

that any fact showing interest, bias, or prejudice of a witness may be proved in any legal mode. Allen v. Fincher, 187 Ala. 599, 65 So. 946; Cox v. State, 22 Ala. App. 102, 112 So. 898.

■ It was not error for the court to refuse to allow the defendant to show that there were other "still sites" where whisky had been made around and in close proximity to the home of Dan Johnson near the place where the still here involved is claimed to have been located. This evidence was illegal, irrelevant, and immaterial. Johnson was not a party to this prosecution, and even if he had been, the fact, if it be a fact, that he was interested in other stills would not affect this case.

■ After the state and defense had announced "closed," the solicitor had made his opening argument, and the defendant's counsel had closed their arguments, over the objection and exception of defendant the state was allowed to reopen its case and to examine several witnesses touching the impeachment of the testimony of one of the witnesses for defendant, whose testimony had not been theretofore denied. This action of the court was *very, very* irregular and was calculated to prejudice the defendant's case, but much must be left to the discretion of the trial court in the direction of trials before him. While, as we have said, the proceeding was irregular, we cannot from this record hold that the discretion was abused. However, we may add, it is only in rare cases that such proceedings should be allowed. The orderly administration of justice is of the highest importance in commanding a due respect for the courts and the law.

■ Refused charge 3 has been approved in Fealy v. City of Birmingham, 15 Ala. App. 367, 73 So. 296; Gaston v. State, 161 Ala. 37, 49 So. 876; Carwile v. State, 148 Ala. 576, 39 So. 220.

■ Refused charge 4 is not the charge approved in Hurd's Case, 94 Ala. 101, 10 So. 528, and affirmed in Davidson's Case, 167 Ala. 68, 52 So. 751, 140 Am. St. Rep. 17, and many other cases there cited. The charge in the Hurd Case is the law, and refused charge 4 in this case is a part of the argument used by the Supreme Court in sustaining the charge. Charges which are arguments are properly refused.

■ Refused charge 5 has been approved in Smith's Case, 165 Ala. 74, 51 So. 632, and authorities there cited.

■ Refused charge 6 states a correct proposition of law, but is substantially covered by other charges.

For errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

Pruet & Glass, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

■■ J. W. Kilgore was one of the principal witnesses for the state, and if his testimony is to be believed, beyond a reasonable doubt, fastened guilt upon this defendant. Upon cross-examination, this witness was asked what part of the $50 informer's fee fixed by law he expected to get. The state's objection was sustained to this question and defendant excepted, the court adding: "That $50.00 reward is offered by the State, payable to the person who catches the still." The inquiry was not as to whether the fee would be paid; that fact, of course, was and is fixed by law. But the jury was entitled to know what part, if any, the witness expected as tending to show his pecuniary interest in the prosecution. The rule in this state is