191 So. 790

**AMERICAN DISCOUNT CO. v. WYCKROFF.**

**7 Div. 450.**

Court of Appeals of Alabama.
Oct. 3, 1939.

Rehearing Denied Oct. 31, 1939.

84

Inzer & Martin, of Gadsden, for appellant.

Joe Brown, of Gadsden, for appellee.

SAMFORD, Judge.

This is a suit brought by the appellee, John Wyckroff, against the appellant, the American Discount Company, a Corporation, in the Circuit Court of Etowah County, Alabama.

The complaint as originally filed consisted of two counts. The first being a count in trespass and the second in trover. Subsequently, there was added counts three, and four. But these counts were afterwards eliminated; count three by demurrer and count four by withdrawal.

The pleadings in the case were in short by consent with leave to give in evidence any matter as if the same had been specially pleaded.

There was jury and verdict in favor of the plaintiff for $200, and from this judgment is this appeal.

The automobile involved in this suit was originally purchased by one Jacob Crayton from Bedsole Motor Company under a written conditional sale contract which was introduced in evidence. This contract provided, among other things, payments by installments of the amount named in the contract and the usual conditions authorizing the seller to repossess in default of any payment. This contract was sold to the American Discount Company.

The original purchaser, Jacob Crayton, having defaulted in the payment of the installments, provided for in said conditional sales contract, the automobile was repossessed and returned to the Bedsole Motor Company, the original seller.

The evidence of the defendant tended to prove that in storing the car the Bedsole Motor Company was acting as a storage agency, and had no authority of any kind from the American Discount Company to handle the car other than to store it. There were some facts and circumstances in the evidence from which inferences could be drawn that in handling the automobile the Bedsole Motor Company was acting in a confidential relation to the American Discount Co., and acted for the American Discount Co. as its agent in disposing of the automobile to the plaintiff in this case.

The evidence for the plaintiff tended to prove that the automobile was originally sold by Bedsole Motor Company; that on default in the payment of installments by the original purchaser it was repossessed and left in the possession of the Bedsole Motor Company; that this plaintiff purchased said automobile from the Bedsole Motor Company on December 24, 1937, at which time he received a "Bill of Sale" showing a cash payment of $50, of which this defendant admits receiving $16.40. Subsequent to this time, on to-wit: December 27, 1937, the plaintiff entered into

a contract with this defendant whereby plaintiff assumed the payment of the installments due by the original purchaser, Jacob Crayton. This contract was signed by the mark "X", and it appears that plaintiff could not write his name. There was a written consent by the defendant to the purchase of the automobile by plaintiff and a waiver by Jacob Crayton.

The original contract for the purchase of the automobile by Jacob Crayton was introduced in evidence to show the title of defendant.

Under the contract, hereinabove referred to, and introduced in evidence, the plaintiff was entitled to possession and use of the automobile so long as the payments of installments were not in default.

Plaintiff introduces evidence tending to prove that while the contract was not in default that the agents of defendant came to his home in Gadsden and, over ·his protest and under circumstances constituting a trespass, took the automobile from his possession; thereby depriving him of his rights in and to the property.

The testimony for defendant tends to prove that the contract was in default, and acting under the authority of the contract they peacefully repossessed the property with the consent of the plaintiff.

Upon both of these questions the evidence was in conflict, and presented questions for the jury.

The defendant assigned as error the rulings of the trial judge in allowing the appellee to testify that he bought the automobile involved in the suit from the Bedsole Motor Company on the 24th day of December, 1937, and to the court's action in permitting the appellee to introduce the "Bill of Sale" to the automobile signed by the Bedsole Motor Company. Under the facts and circumstances surrounding this transaction, we hold that there was some evidence tending to prove the relation of principal and agent between this defendant and the Bedsole Motor Company. The Bedsole Motor Company was the original seller. When the automobile was repossessed it was in their possession, they were liable to the Finance Company for the amount which the Finance Company had in it. They assumed an ownership under it, made a sale, collected $50 cash, and paid to the defendant of this $50

at least $16.40, and the subsequent dealings between the plaintiff and defendant would indicate a continuation of the negotiations between The Bedsole Motor Company and the plaintiff. The court did not err in allowing this testimony to be introduced.

The "Bill of Sale" from Bedsole Motor Company, in connection with other facts and surrounding circumstances, was relevant as tending to show the relationship between it and the defendant.

It is contended by appellant that the evidence in this record discloses that Bedsole and the Bedsole Motor Company had no authority of any kind or character from the American Discount Co. to handle the automobile involved in any way, except to store the same. This may be a fact as between the Bedsole. Motor Co. and this defendant, but in their dealings with the third persons there is evidence from which the jury could infer that such agency did exist.

The case of Commercial Credit Co. v. Chevrolet Motor Co., 22 Ala.App. 211, 114 So. 273, presents a very different proposition. In that case there was no evidence of any agency on the part of the bailee.

The court did not err in permitting the plaintiff to identify the automobile involved in this suit as the car which he claims to have bought from the Bedsole Motor Company. In fact, there is but one automobile testified to by any of the witnesses.

The testimony as to how much money the plaintiff had at the time this car was repossessed may be error, but if so it could not injuriously affect the substantial rights of the defendant. The same is true as to the evidence as to what the plaintiff used the car for.

One of the counts of the complaint is in trespass. The owner of personal property may take possession of it wherever he finds it, provided he commits no trespass or breach of the peace and uses no force or threats in its recaption. McGill v. Holman, 208 Ala. 9, 93 So. 848, 31 A.L.R. 941.

There was evidence in this case tending to prove that this plaintiff was intimidated by the two agents of the defendant at the time this automobile was taken from his possession. That being the case, everything said and done at the time of

the taking is a part of the res gestae and is relevant, to the end that the jury may determine from the whole surroundings whether or not the automobile was given voluntarily as claimed by the defendant, or was this appellee intimidated in such way and manner as to constitute a trespass. Therefore, the court did not commit error in permitting testimony as to what was said relative to a disposition of the automobile at the time it was taken.

Assignments of error 10 and 11 were based upon the refusal of the trial judge to allow the witness Fullbright, the representative of appellant, to testify that John Wyckroff did not pay the installment due under the contract on January 27, 1938, and that no other person paid the installment mentioned. This is but a repetition of the testimony which had just preceded by this same witness, and for that reason, the court did not err in sustaining the objections interposed.

Assignments of error, 12, 15 and 16 were based upon the rulings of the court in allowing testimony of John Wyckroff in reference to his transactions with the Bedsole Motor Company; we have already passed upon these questions in passing upon other assignments of error.

Counsel for appellant in argument relative to the foregoing transactions insists that "If the rulings of the trial judge were correct, the entire law of the State of Alabama with reference to principal and agent has been changed, and to affirm this case, in view of the matters pointed out, will absolutely destroy the well established doctrine and principles now governing the relationship of principal and agent in Alabama." It is not our purpose to, in any manner, change the well known doctrine relative to principal and agent. This doctrine is well known and well established. What we do hold, however, is that there is evidence in this case from which the jury may draw the conclusion that the relationship of principal and agent between the Bedsole Motor Company and defendant as applied to the transaction between it and the plaintiff did exist, and for that reason circumstances, though slight, relative to the transaction are admissible.

The assignment of error 18 is based upon an excerpt from the oral charge of the court in which he uses the expression: "It is without dispute in this evidence * * * that it did go there to the premises of this plaintiff and take the property named in the two counts." Exception is taken to the word "take." And, it is insisted that in the use of the word it implied that force was used in the repossession of the automobile. When this part of the court's oral charge is taken and considered in connection with the rest of the charge, we do not think that the word "take", as used in the excerpt, is susceptible of the meaning insisted upon by the appellant. Webster's International Dictionary gives numerous definitions of the word "take", only one of which implies force. When the context of this excerpt is taken into consideration we are quite sure the jury did not get the meaning as insisted by appellant.

Assignment of error 19 is based upon an excerpt from the oral charge of the court, wherein it is stated that the defendant would have the right to take possession of the automobile involved "provided that in doing so it committed no breach of the peace, or was guilty of no conduct tending to promote a breach of the peace." This is a correct statement of the law.

Under the first count of the complaint the plaintiff must show in himself either actual possession or the immediate right of possession at the time of the tortious taking. Davis v. Young, 20 Ala. 151, the gist of the action of trespass being an injury to plaintiff's possession and not title. Lacey v. Morris, 215 Ala. 302, 110 So. 379.

In addition to the above there must be shown force either expressed or implied, and if there be actual force there could be no question about it, but if the conduct of the defendant's agents was such as to imply force in the taking of the property in such sort as to cause plaintiff to yield to the demands of defendant's agents, such action would be an implied force which would sustain the action. The term "force" as applied to a trespass to personal property does not necessarily mean the application of physical force, violence, etc., but merely of constructive force, which would be sustained by proof of threats to compel plaintiff's submission. Crews & Green v. Parker, 192 Ala. 383, 68 So. 287.

If the term "force" is to be interpreted as asserting the use of a force of a different character from that the law implies as upon the unjustified taking of another's property from his possession, there was evidence tending to show an act on the part

of defendant's agents, at the time of the taking of the automobile, implying a determination to take the property and to use force if necessary to overcome the objection of the plaintiff in such sort as to compel the submission of the plaintiff against his will, to the appropriation of what he asserted to be his property. Crews & Green v. Parker, 192 Ala. 383, 68 So. 287; See Shepherd's case, Shepherd v. State, 135 Ala. 9, 33 So. 266.

The principles announced in Street v. Sinclair, 71 Ala. 110; and Burns v. Campbell, 71 Ala. 271, 287; are not in conflict with the foregoing. It was for the jury to say whether or not the conduct of defendant's agents was such as to promote a breach of the peace, and in weighing these facts the jury might consider the fact that defendant's agents were white men; that the plaintiff was a negro; that one of the white men on demanding the property advanced upon him with his hands in his overcoat pockets, as well as other conditions surrounding the transaction.

Assignment of error 20 is based upon the action of the court in submitting to the jury the question of whether or not the Bedsole Motor Company acted as agent for the appellant in receiving the payment of $50 testified to by plaintiff as having been paid as a part of the purchase money for the automobile. With the weight of the evidence, this court has nothing to do at this time, but as already has been seen, we are of the opinion that there was sufficient evidence to go to the jury on this point.

As has been seen in the foregoing opinion, the evidence was in sufficient conflict to present a jury question under counts 1 and 2, and for that reason the court did not err in refusing to give, at the request of the defendant, the general affirmative charge as to those two counts.

As to count 4, the plaintiff entered a remittitur as to the finding on this count, and thereby eliminates any consideration in regard thereto.

We have read and considered carefully the other assignments of error relative to excerpts from the oral charge of the court, and requested written charges, and when these excerpts and written charges are taken and considered in connection with the entire oral charge, as we are required by law to do, we are of the opinion that every legal right to which the defendant is entitled has been covered by the court's oral charge.

We find no error in the record of a reversible nature, and the judgment is affirmed.

Affirmed.