Appellant was convicted of a crime against nature and sentenced to imprisonment for ten years, pursuant to Ala. Code 1975, § 13-1-110.
The indictment charged that defendant "against the order of nature, carnally knew Willie Reese."
The only witnesses who testified on call of the State as to the time, place and circumstances of the alleged crime were Willie Reese, Wayne Duncan and three other inmates of Mt. Meigs Boys Industrial School. Reese testified positively that defendant committed the crime charged in the indictment. Duncan testified that he observed the commission of the crime charged in the indictment. The other three witnesses testified as to perverted sexual conduct by defendant, but they did not observe the commission of the specific crime charged. Defendant, the only witness for the defense, positively denied commission of the crime charged but testified extensively as to perverted sexual behavior between him and Reese.
Appellant urges that the evidence was not sufficient to support the verdict and that the trial court was in error in not granting defendant's motion to exclude the evidence, in refusing the affirmative charge in favor of defendant requested by him, and in overruling defendant's motion for a new trial.
In insisting that the evidence was insufficient to support the verdict, appellant argues that Reese was an accomplice and that his testimony was not corroborated.
There was some evidence from which the jury could conclude that Reese voluntarily submitted to the crime and thereby became an accomplice. LaBryer v. State, 45 Ala. App. 33,222 So.2d 361 (1969). However, there was strong evidence to the contrary. *Page 577 
In addition, appellant argues that Wayne Duncan's testimony in which he stated that he was a "lookout," that he was "watching for the counselor to come," afforded an inference that he was an accomplice. At the best for defendant, if may be said that perhaps it did afford such an inference, but it fails to meet the test that the witness, on the evidence shown, could "have been indicted and convicted of the offense charged either as principal or accessory. If he could not, he is not an accomplice." Miller v. State, 290 Ala. 248, 252, 275 So.2d 675,679 (1973). It could be found from the evidence as a whole that the witness' status as a "lookout" was merely as an accommodation to the inmates to protect them against observation by counselors of activities that might meet the disapproval of counselors, even though criminal conduct, particularly criminal conduct charged in the indictment, was not involved.
In addition to the direct testimony of Reese and Duncan that defendant committed the act charged in the indictment, there was circumstantial evidence in the testimony of the three other inmates as to what they saw and heard that was sufficient basis for the finding of guilt of the offense charged in the indictment. The particular crime, as other crimes, may be proved by circumstantial evidence. Tarrant v. State,12 Ala. App. 172, 67 So. 626 (1915).
The court was not in error in denying defendant's motion to exclude, in refusing the general affirmative charge requested in writing by defendant, or in overruling defendant's motion for a new trial. Decency forbids, and justice does not require, that we further amplify the sordid details of the crime shown by the evidence.
During defendant's cross-examination of Wayne Duncan, the following occurred:
"Q When are you supposed to get out of Mt. Meigs?
"A Four weeks.
 "Q Did anybody tell you that if you changed your testimony it might effect [sic] your release date, that you might have to stay longer?
"A No, sir.
 "Q Do you believe that if you change your testimony or did change your testimony that you'd have to stay longer?
 "MR. POOLE: Objection, Judge, calls for a mental conclusion.
 "THE COURT: What was the question; did he believe that?
"MR. CARLTON: Yes, sir.
 "THE COURT: Calls for a mental operation, sustained."
Starr v. Starr, 293 Ala. 204, 301 So.2d 78 (1974), knelled the unlamented passing of the exclusionary rule in Alabama of testimony of a witness as to his own intent or other state of mind. Long before Starr, however, there was general uniformity that the testimony of a witness on cross-examination was excepted from the rule. Some exceptions to the exception were noted by Judge McElroy in his article in 1940 for the AlabamaLawyer, "Admissibility in Alabama of a Witness' Testimony to His Own Intent or Other State of Mind." 1 Ala. Lawyer 221 (1940). He stated at page 231:
 "It should be noted that there are a few decisions which wholly disallow inquiry on cross-examination as to the witness' state of mind. They simply ignore the exception applied in the cases referred to above."
If the witness believed that the scheduled term at Mt. Meigs Industrial School would be lengthened if he changed his testimony in the case, defendant should have been allowed to obtain that information from the witness for consideration by the jury on the question of the interest of the witness. To hold otherwise is in conflict with Cooley v. State, 7 Ala. App. 163,62 So. 292 (1913) and Knight v. State, 23 Ala. App. 582,129 So. 478 (1930). But see McCain v. City of Montgomery,38 Ala. App. 568, 92 So.2d 678, cert. denied 265 Ala. 551,92 So.2d 682 (1957).
In Cooley and in Knight, it was held to be reversible error for the trial court to sustain an objection of the prosecution to a question asked on cross-examination of a witness for the prosecution purporting to elicit from the witness the expectation of the *Page 578 
witness of earning a reward for the conviction of defendant. InMcCain v. City of Montgomery, supra, it was held that there was no reversible error in the court's sustention of an objection by the State to a question asked State's witness on cross-examination as to whether he had any intention at that time to bring an action for damages against defendant growing out of the same incident as that charged against defendant. The Court of Appeals held that the testimony called for by the question would constitute violation of the exclusionary rule as to the intent or mental operation of the witness and that an affirmative answer by the witness would not have added anything "to the picture already drawn" by the evidence. In denying certiorari, the Supreme Court said at 92 So.2d 683:
 "We do not feel that we would be justified in disturbing the Court of Appeals' conclusion that the error insisted on, if error, did not probably injuriously affect substantial rights of petitioner. But we think it appropriate to say that we pretermit consideration of whether the evidence objected to is admissible on cross-examination when it is material."
We have no reservation as to the materiality of the evidence sought to be introduced or of the substantial harm to defendant of not being allowed to show that the witness did believe that his stay at Mt. Meigs would be lengthened if he swore differently from his testimony on the trial. Such testimony would not have been cumulative. Neither he nor any other witness had testified to that effect. Each of the State's five witnesses who testified as to the conduct of defendant had been asked on cross-examination if anybody told him that if he changed his testimony he might have to stay longer at Mt. Meigs. Three of the witnesses, including Duncan, answered "No" to the question; two of the witnesses, including Reese, answered "Yes." Other than Reese, a possible accomplice, Duncan was probably the most damaging witness to defendant. Defendant's right to a "thorough and sifting" cross-examination, as provided by Code Ala. 1975, § 12-21-137, was denied defendant by the particular ruling of the trial court under consideration. The usual discretion vested in the trial court to control the extent of cross-examination is narrowed in proportion to the extent of the adverseness of the testimony of the witness and the value to the defendant of a disaccreditation of the witness. Wells v. State, 292 Ala. 256,292 So.2d 471 (1973); Williams v. State, 44 Ala. App. 503,214 So.2d 712 (1968). It should be noted also that the trial court's ruling now under consideration did not purport to be action on the basis of the discretion vested in it but solely for the reason that the elicited testimony called for a "mental operation."
Appellant's only other insistence on a reversal is that the trial court "erred in denying the appellant's timely request for treatment under the Youthful Offender Act." Ala. Code 1975, §§ 15-19-1, et seq. Appellant relies upon Watkins v. State, Ala.Cr. App., 357 So.2d 156, cert. denied, Ala., 357 So.2d 161
(1978), which was remanded to the trial court for an investigation and examination of appellant at a hearing and a determination by the trial court whether he should be treated as a youthful offender. The record in the instant case indicates, but does not unambiguously show, that such investigation, examination and determination were made. We are inclined to think that probably the deficiency is not as to the action of the court but as to the insufficiency of the record to show definitely such action. We need only note at this time that on further prosecution of the case, regard should be given to the matter so that there will remain no serious question as to whether there was compliance with the procedure required by the Youthful Offender Act as clearly set forth by Judge Bowen in Watkins, supra.
For the error indicated, the judgment of the trial court should be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. *Page 579 
328). His opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.