Kenneth Jenkins was convicted by a jury of rape in the first degree and sentenced to life in prison. The judgment of conviction was affirmed by the Court of Criminal Appeals,474 So.2d 140. This Court granted Jenkin's petition for a writ of certiorari.
The prosecutrix testified that Jenkins forcibly raped her. Jenkins defended the charge by claiming consent. Their testimony significantly differed as to what happened leading up to and subsequent to the sexual intercourse. The jury was faced with the difficult task of judging the credibility and demeanor of each of the parties to determine who was telling the truth.
The issue is whether Jenkins should have been allowed to introduce evidence of the prosecutrix's demeanor immediately after she testified in the preliminary hearing and, more importantly, whether he was unduly restricted in his right of cross-examination.
Six of the eight witnesses called by the State testified that the prosecutrix was upset and crying on the night of the alleged rape. The trial court refused to allow Jenkins to cross-examine the prosecutrix as to her demeanor during and immediately after the preliminary hearing. Jenkins sought to show that the prosecutrix cried continuously during the hearing and then laughed with friends immediately after the hearing. The trial court also sustained the objection of the State to the testimony of Jenkins's mother concerning the prosecutrix's conduct just outside the courtroom immediately after the preliminary hearing. Jenkins's attorney stated that the witness would testify that the prosecutrix and several of her friends were laughing and making jokes about Jenkins being locked up. Testimony of the prosecutrix's inconsistent conduct was offered as bearing on her veracity and credibility. Due to the conflicting account of the facts offered by the prosecutrix and Jenkins, her veracity and credibility were major issues in this case.
One of the chief functions of cross-examination is to test the credibility of a witness. Madden v. State, 40 Ala. App. 271,112 So.2d 796, cert. denied, 269 Ala. 697, 112 So.2d 800 (1959). Demeanor being an aspect of credibility, a party may place before the trier of fact an opposing party's inconsistent conduct through direct or cross-examination. Cross-examination of prosecution witnesses in matters pertinent to their credibility ought to be given the widest possible scope. McConnell v. UnitedStates, 393 F.2d 404 (5th Cir. 1968). "The usual discretion vested in the trial court to control the extent of cross-examination is narrowed in proportion to the extent of the adverseness of the testimony of the witness and the value to the defendant of a disaccreditation of the witness." Hendrick v.State, 368 So.2d 576, 578 (Ala.Crim.App.), cert. denied,368 So.2d 579 (Ala. 1979). In addition to the constitutional right to confront adverse witnesses found in Ala. Const. of 1901 art. I, § 6, and U.S. Const. amend. VI, Code 1975, § 12-21-137, provides, inter alia, that "[t]he right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him."
The prosecutrix being the key witness for the State and her credibility and veracity being directly in issue, we hold *Page 142 
that the trial court abused its discretion in limiting cross-examination of the prosecutrix and in disallowing the proferred evidence of her inconsistent conduct.
The judgment is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
All the Justices concur.