## Troutman v. Gowing.

1. TENDER: CASE FOLLOWED. *Warnibold* v. *Schlicting, ante,* as to contracts for the payment of gold coin, cited and followed.

2. DOWER: PARTY. A wife will not be ordered by the decree of a court of chancery, in a proceeding to which she is not a party, to release her dower interest in real estate.

3. SPECIFIC PERFORMANCE: DOWER. In a proceeding against the obligor alone for the specific performance of a bond for the conveyance of real estate, in the execution of which bond the wife did not join, it was held, that in the absence of evidence showing the value of the wife's dower interest, the court erred in ordering that one-third of the purchase-money should be retained by the clerk until a proper and sufficient relinquishment of dower was executed.

*Appeal from Tama District Court.*

FRIDAY, JUNE 17.

FOR the facts see the opinion.

*Henderson & Boardman* for appellant.

*L. W. Griswold* for appellee.

WRIGHT, C. J.—I. The principles and rules recognized and settled in the case of *Warnibold* v. *Schlicting* (*ante*),

must be regarded as decisive of the point most relied upon and discussed by counsel for appellant in this.

II. Complainant seeks to enforce the specific performance of a bond for the conveyance of land, signed by the husband alone, who is the sole respondent. By the final decree it is ordered that if the wife shall not join in the deed, one-third of the purchase-money shall be retained by the clerk (with whom the tender-money was deposited) until she should do so, or depart this life, unless otherwise ordered by the Court.

It is not pretended by appellee that the wife can by this proceeding be compelled to execute the deed, and thus part with her interest in the land. She is not before the Court, and none of the cases go so far as to hold that her interests and rights could be affected without bringing her directly before the Chancellor, and obtaining her consent on full deliberation. Not only so, but the pleadings show a refusal on her part to join in the deed. In this attitude no decree of course could be taken against her; and none could be made, compelling the husband to make a deed, containing a release of her interest.

By the terms of the bond, however, complainant, if he asks it, may insist upon a conveyance by the husband alone. He has a right to insist upon a fulfillment of respondent's covenants to this extent, or he might elect to recover his damages for the breach. Having preferred to claim a specific performance, was it proper for the Court to direct the retention of one-third of the purchase-money until the wife should join in the deed, or until the happening of the other contingency named in the decree? Without some evidence as to what the value of the wife's interest was, we think most clearly not. And testimony upon this subject is entirely wanting. Indeed such a disposition of the case does not seem to have been contemplated by either party, from the pleadings or any part of the record. There is no

more warrant in the record for retaining the exact number of dollars and cents named than there is for any other sum. Under such circumstances, we have concluded to remand the cause, with directions, if the parties shall so desire, to take testimony as to the value of the wife's interest in the land, either by a master or otherwise; and in the light of such testimony the court below will make the proper order as to the money, so as to protect the rights of the respective litigants. It is believed that such examination may be obviated in view of the conclusion reached upon the main point, but this order is made, that it may be had, if deemed necessary.

To this extent the decree below is reversed, and cause remanded, appellee paying the costs of this appeal.