## CURTIS v. O'BRIEN AND SEARS.

1 **Execution:** WAIVER OF EXEMPTION. A waiver of exemption laws, contained in a note, will not, when a judgment is obtained on such note, entitle the plaintiff to have his execution levied upon property exempt from execution by the general law of the State.

*Appeal from Jackson District Court.*

SATURDAY, JUNE 9.

ACTION of replevin for a horse. David Sears recovered a judgment before a justice of the peace, against this plaintiff, M. M. Curtis. The judgment was in the usual form, and was rendered upon a note made by Curtis to Sears, which contained the words "without the benefit of exemption laws or stay of execution." The defendant, O'Brien, was a constable, and under an execution issued upon said judgment, seized the horse in controversy. It was admitted that the horse was exempt from execution, unless the waiver in the note made him liable. The District Court held the waiver ineffectual, and gave judgment for plaintiff. The defendants appeal.

*Charles M. Dunbar* for the appellant, cited the following authorities: *Case* v. *Denmore*, 11 Harris, 93; *Louck's Appeal*, 12 Id., 466; *Johnson and Sutton's Appeal*, 1 Casey, 116; *Lines' Appeal*, 2 Grant's Cas., 196; *Shelley's Appeal*, 36 Penn., 373; *Bowman* v. *Smiley*, 31 Id.; *The State* v. *Melonge*, 9 Ind., 196; *Smith's Appeal*, 23 Penn., 310; Revision, 1860, § 3674.

COLE, J. — This transcript presents but a single question, and that is, whether a waiver of the exemption laws, contained in a note, will, when a judgment is obtained upon such note, entitle the plaintiff therein to have his execution levied upon the property exempt from execution by the general laws of the State?

1. EXECU-TION: waiver of exemption.

Our statute provides that certain "property (naming it) of private individuals is exempt from execution." Rev., § 3304. And if the debtor is the head of a family, there is a still further exemption provided for, including a homestead. § 3305. The justice, wisdom, propriety and sound policy of exemption laws are as well recognized, and these laws are as fully the settled policy of the State as the exemption from imprisonment for debt.

That the citizen or debtor may mortgage the identical property for the payment of the debt, does not at all conflict with the idea that he cannot waive the exemption of the statute, in his contract of indebtment; because the statute itself has provided for the execution of valid mortgages, without limit as to the property mortgaged. In the case of a judgment creditor applying to the court, or its officer, for an execution, the court, by its clerk, following the language of the law, says to him, "you may have the execution, but no exempt property shall be sold under it;" the creditor, however, says to the court, "I will take your execution, but the debtor and myself have made a law for this case, which will control your writ and make it do what the law has declared it shall not do." No court will permit parties thus to control its process so as to defeat the statute or render nugatory its most beneficent provisions. Without pursuing the discussion of the subject further in the opinion, we are agreed in the conclusion, that a person contracting a debt cannot, by a contemporaneous and simple waiver of the benefit of the exemption laws, entitle the creditor, in case of failure to pay, to levy his execution against defendant's objection upon exempt property. Such an agreement is contrary to public policy and will not be enforced.

This question has been decided differently in different States, and for a full discussion of it we refer to the following cases in Pennsylvania, holding that such waiver is

effectual, and will be enforced. 6 Watts, 34; 7 Id., 126; *Case* v. *Denmore*, 23 Penn. (11 Harris), 93; *Louck's Appeal* 24 Id. (12 Id.), 426; *Johnston and Sutton's Appeal*, 1 Casey, 116; *Lines' Appeal*, 2 Grant's Cases, 196; *Shelley's Appeal*, 36 Penn., 373; *Bowman* v. *Swiley*, 31 Id., 225; *Smith's Appeal*, 23 Id., 310; see also *State ex rel.* v. *Melonge et al.*, 9 Ind., 196; and as limiting this last case, see *Eltzaoth* v. *Webster*, 15 Id., 21. That such waiver is ineffectual, and will not be enforced, see *Kneetle* v. *Newcomb et al.*, 22 N. Y., 249; *Crawford* v. *Lockwood*, 9 How. Pr. R., 547; *Harper* v. *Seal*, 10 Id., 282; *Sevicks, Banet & Kuen* v. *Walker* (Louisiana), 9 Am. Law Reg. (1860, 1861); see also *Soenbeegn* v. *Watts*, 1 (N. S.) Id., 1861, 1862, 553; *Troutman* v. *Gowing*, 16 Iowa, 415; *Warnibold* v. *Schlicting*, Id., 243; *Maxwell* v. *Read*, 7 Wis., 582; see also *Woodward* v. *Murray*, 18 Johns., 400.

Affirmed.