50  535
91  273

- RUTT v. HOWELL ET UX.

1. **Homestead**: VERBAL AGREEMENT. The homestead cannot be subjected to liability for debt upon a mere verbal agreement.

2. ———: ———: CONFESSION OF JUDGMENT. An agreement in a confession of judgment to waive the protection of exemption laws, and to permit execution to issue against any property of the judgment debtor, homestead included, is not such a written contract as will subject the homestead to liability.

*Appeal from Hamilton District Court.*

TUESDAY, APRIL 22.

AN opinion was heretofore filed in this case, and the cause is now before us upon rehearing. The petition in substance alleges that the assignor of plaintiff, one Snow, advanced to the defendant the sum of seven hundred and thirty-eight dollars and sixty-six cents, to pay a debt to one Browning, with the express understanding and verbal agreement with the

defendants, who are husband and wife, that the defendant William Howell should execute his promissory note for the amount, which should be secured by a lien on lots 5 and 6, in block 7, in the village of Webster City, occupied by defendants as a homestead, and the defendants promised and agreed that the papers should be executed at once, pledging the said property for the payment of said debt; that on the 25th day of July, 1869, the defendant William Howell executed a promissory note to said Snow, in pursuance of said agreement, for the amount of said loan; that in further pursuance of said agreement the defendants, on the 29th day of July, 1869, gave a confession of judgment and stipulation in writing, signed by them, agreeing and expressly stipulating that the homestead should be liable for said judgment; that the notary or person who drew the confession of judgment neglected to state fully that said defendants stipulated that the homestead should be liable for said judgment, and failed and neglected to describe the homestead property; and the person who drew the entry of judgment, which was prepared for the clerk to enter judgment upon said confession, neglected and failed to make said judgment a lien on the homestead in terms, or to provide that a special execution issue against the same; and that these omissions were through the accident, mistake and oversight of these persons.

The petition prays that the confession of judgment and the judgment entry may be corrected so as to conform to the true intent of the parties, and made a specific lien on said homestead property, and that the same be sold to satisfy said judgment. The defendants demurred to the petition. The demurrer was sustained, and judgment was rendered against the plaintiff for costs. The plaintiff appeals.

*Chase & Covil*, for appellant.

*Miracle & Kamrar*, for appellees.

DAY, J.—I. The rule is that the homestead is exempt

Rutt v. Howell.

from judicial sale. Code, § 1988. It can be rendered lia-

1. HOMESTEAD: ble for the debts of the owners only in the
verbal agree-
ment. manner provided by statute. Section 1993 of the Code provides: "The homestead may be sold for debts created by written contract, executed by the persons having the power to convey, expressly stipulating that the homestead is liable therefor." The homestead cannot be rendered liable by mere verbal agreement. The statute does not provide that liability can be created in that way. It is apparent, therefore, that no consideration can be given to the portion of the petition which alleges that it was verbally agreed, at the time the money was advanced, that the defendants should execute the necessary papers pledging the homestead for the debt. This agreement does not create any liability as to the homestead.

II. Appellant claims that the confession of judgment is such written contract as is referred to in the statute. The

2. ——: ——: only reference to the homestead in this confession
confession of
judgment. is the following: "And if payment is not made hereon on or before the 20th day of January, A. D. 1870, aforesaid, execution may issue on this judgment immediately thereafter against any property belonging to said defendants, homestead included."

Section 1993 of the Code requires an express stipulation that the homestead shall be liable for the debt. The confession of judgment contains no such stipulation. It contains simply a waiver of the exemption statutes, and a consent that execution may issue against any property of the defendants. It has been held that a similar provision in a promissory note is against public policy and will not be enforced. *Curtis v. O'Brien & Sears*, 20 Iowa, 376, and cases cited. There is greater reason for holding such a provision invalid in a confession of judgment, for after the debt has been created the original agreement furnishes no consideration for a waiver of the exemptions allowed by law.

The judgment is · AFFIRMED.