CHRISTOPHER MAGUIRE, Appellant, v. MICHAEL KENNEDY.

Homestead: Exemption to Nonresident Heir. Under Code, 2008, a nonresident, adult heir can hold his share in the homestead of a deceased parent, though he has, before the death of the parent, signed a note waiving homestead and exemption rights.

*Appeal from Scott District Court.*—HON. P. B. WOLFE, Judge.

MONDAY, MAY 21, 1894.

ACTION on a promissory note against defendant. Trial to court. From a judgment in favor of intervener, plaintiff appeals.—*Affirmed.*

*Sharon & Ryan* for appellant.

*W. H. Wilson* and *Heinz & Fisher* for intervener and appellee.

KINNE, J.—I. One Thomas Kennedy, the father of Michael Kennedy, died intestate in Scott county, Iowa, in July, 1890, the owner in fee of a certain lot in the city of Davenport. His wife died in 1889. For many years prior to his death, said Thomas and his family had occupied said premises as their homestead, and it was so occupied by Thomas when he died. Michael Kennedy, the defendant, is a son and heir at law of Thomas

Kennedy, and, as such, inherited an undivided one third part of said real estate. Michael is forty years old, and is now, and for many years has been, a resident of the state of Missouri. April 5, 1892, said Michael Kennedy and wife conveyed, by warranty deeds to his half brother, Daniel Moriarity, the intervener, all their interest in said lot. Plaintiff, who is a resident of Iowa, and the holder of a note executed February 4, 1889, by Michael and his wife, in which "all homestead and exemptions are expressly waived," brought suit thereon on August 7, 1891, in the district court of Scott county, Iowa, and at the same time attached the lot in question. Afterward, judgment was recovered on the note. On a trial to the court, intervener claimed that defendant, Michael Kennedy, took his one third interest in his deceased father's homestead, free from his antecedent debts, and pleaded such exemption against plaintiff's attachment claim. Judgment was rendered in intervener's favor, from which the plaintiff appeals.

II. The only question argued is thus stated by appellant: "Can a nonresident adult heir claim the exemption allowed by section 2008 of the Code in the homestead of his deceased parents, where he has waived exemptions?" We do not think that the provision in the note sued upon, waiving the benefit of all homesteads and exemptions, has any reference to, or connection with, the property in controversy. Such provisions have been held to be against public policy, and void. *Curtis v. O'Brien*, 20 Iowa, 376. Nor was the provision in the note in compliance with section 1993 of the Code. *Rutt v. Howell*, 50 Iowa, 535. This point appears not to be relied upon with much confidence by appellant, and demands no further consideration.

III. The appellant strenuously contends that exemptions are for the benefit of residents only; that they

are not, and ought not to be, available to persons residing in other states. We agree with appellant, in so far as it is urged that the exemption claimed by intervener is not within the general spirit and purpose of our exemption laws. It may be conceded that, ordinarily, exemptions are designed for the benefit of residents of the state only, and, were it not for the plain provisions of the statute which gives this exemption, we should be quite willing to so construe the law applicable to this case. Section 2008 of the Code is as follows: "2008. * * * But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; but if there be no such survivor, the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own." The section admits of but one construction. The question of residence or nonresidence in no way affects the title taken by the issue of the parents. To hold that the title thus cast was dependent upon the fact of residence of the one receiving it, would be to ingraft a material provision or limitation upon the statute itself. This we have no authority to do. It has been held that the exemption from debts of such issue, contracted prior to the death of the ancestor, obtains, though the homestead of the parent, which descends to the issue, was never occupied or taken possession of as a homestead by the latter. *Johnson v. Gaylord*, 41 Iowa, 362; *Baker v. Jamison*, 73 Iowa, 700, 36 N. W. Kep. 647; *Kite v. Kite*, 79 Iowa, 493, 44 N. W. Rep. 716. It is not necessary to consider the cases cited from other states. This section of the statute is plain, and admits of no doubt as to its meaning. Intervener is clearly within the letter of the statute, and the judgment below must be AFFIRMED.