## L. W. CULVER v. THE STATE.

### No. 2080.  Decided April 17, 1901.

**1.  Parol Proof to Contradict a Written Instrument—Plea of Non Est Factum.**

It is statutory, that where a suit is brought upon a written instrument, its recitals can only be contradicted under a plea of non est factum.  But this rule does not apply where such instrument is introduced in evidence collaterally, there being no opportunity to present such a plea before its introduction.

**2.  Bill of Exceptions—Practice on Appeal.**

A bill of exceptions to be entitled to any consideration on appeal, must have been prepared and presented to the judge for signature during the term, and within ten days after the conclusion of the trial, and must have been filed by the clerk during the term.

**3.  Aggravated Assault.**

On a trial for aggravated assault upon a woman, where it appeared that defendant held a mortgage upon two rugs he had sold the prosecutrix on credit, which authorized him to take possession of and sell the goods on default of payment for the same; Held, this did not authorize him to go to the home of the prosecutrix, enter the same and take possession of the goods against her consent, forcibly eject her from the door and make his departure with her goods.  Under the mortgage, he could only take possession with her consent, and, upon her failure to give such consent, the courts were open to him.  The law of contracts even would not and does not justify or tolerate his acts.

APPEAL from the County Court of Travis.  Tried below before Hon. A. S. WALKER, County Judge.

Appeal from a conviction for aggravated assault; penalty, a fine of $25.

The indictment charged appellant with an aggravated assault on Mrs. K. A. Shannon.

The facts adduced on the part of the State, in brief, were, that defendant, who had, or claimed, a mortgage lien upon certain rugs in the possession of the assaulted party, entered her house and demanded payment of a balance due him on the rugs; which balance she disputed, and that he assaulted her, took the rugs and left.  That she was standing upon the rug when he demanded payment, which, when she refused, he struck her a blow knocking her off the rug, picked up the same and left.  The testimony for the defense shows that he obtained possession of the rugs without the use of any force, and then sought to leave the house, when the prosecutrix intercepted him by shutting the door, and that he pushed her aside and made his exit.

Defendant's requested instructions, which were refused by the court, were as follows, to wit:  "If you believe from the evidence in this case that the defendant used only such force as was necessary to allow him to get out of the door, you will acquit the defendant."

"If you believe from the evidence in this case that the defendant took possession of the property without the use of violence, and, after so getting possession, the defendant would be authorized to use force to defend his possession; and if you find from the evidence that defend-

ant used force after he so got possession of said property to defend his possession, you will acquit the defendant."

"The intent with which force is used is the test of an assault and battery, and, if you believe that violence was used, but for other purpose than to injure the complainant, you will acquit."

No further statement necessary.

*John Dowell,* for appellant, filed an able and elaborate brief, which the Reporter regrets he can not reproduce for want of space in this volume.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25.

It appears from the evidence that the difficulty arose on account of the seizure of two rugs. On the trial appellant introduced in evidence a mortgage on two rugs which he had sold to prosecutrix, Mrs. K. A. Shannon. Said mortgage contained the power in favor of L. W. Culver to take possession of and sell said rugs on default in the payment of the purchase money and interest thereon. In rebuttal, over the objections of appellant, the State was permitted to prove by Mrs. Shannon that when she executed said mortgage it was in blank and contained no power of seizure and sale of said rugs; that it had been filled out since, and that consequently it was not her mortgage. Appellant objected to the introduction of this testimony on several grounds, the substance of which was that said mortgage was a written instrument, and was signed by prosecutrix, Mrs. Shannon, and that the recitals therein could not be contradicted by parol testimony, especially so in the absence of a plea of non est factum. In support of this proposition appellant cites us to several civil authorities. An examination of these discloses the fact that the question was presented in a direct proceeding predicated on the written instrument. It is the admitted doctrine, where a suit is brought on a written instrument, before the recitals of such instrument can be contradicted there must be a plea of non est factum. This is statutory. Rev. Stats., art. 1265, subdiv. 8. But the same rule is not applicable where the instrument is introduced collaterally as here. Evidently where there is no opportunity to present such a plea before the introduction of the evidence, the rule must be otherwise; and we understand it has been so held. Dillingham v. Fischl, 1 Texas Civ. App., 546.

Appellant raised an objection to the action of the court in filing a bill of exceptions embodying the charge as given by the court, in lieu of a charge alleged by appellant to have been given by the court. The bill in question purports to set up the charge as actually given by the court, and which appellant insists is defective. This bill is supported by affidavits subscribed and sworn to, on the 31st of December, 1900,

more than a month after the adjournment of the court, and the bill itself is filed long after the adjournment of the court. We know of no statute or rule of law under which this purported bill of exceptions can be considered. Article 724, Code of Criminal Procedure, requires the bill of exceptions to be prepared and filed as in civil cases. Articles 1360 to 1369, Revised Civil Statutes, prescribe the rule in such cases. The rule is that the bill must be reduced to writing and presented to the judge for signature during the term and within ten days after the conclusion of the trial. It should be submitted to the adverse party or his counsel, and if found correct, then signed by the judge, and filed by the clerk during the term. If the bill is not satisfactory to appellant as corrected, he is authorized to procure the signatures of three by-standers to attest the correctness of his bill. This should be prepared and filed during the term. See authorities on this subject, White, Ann. Code Crim. Proc., secs. 853, 854, art. 724. Whatever merit there may be in appellant's contention, he not having pursued a course authorized by law, the same can not be considered by us.

Appellant contends that the court should have given several special instructions asked by him. We have examined these, and each appears to be predicated on the idea that, if appellant went to the home of prosecutrix, Mrs. Shannon, and entered her private room, and without her consent then given, but relying on the clause of his mortgage authorizing a seizure of the goods, then took possession of the two rugs, and with them started to make his exit from the room, and she interfered and stood in the doorway, and forbade him to leave with her rugs, and he then took hold of her and pushed or pulled her out of the doorway, and so made his departure with the rugs, that this would not constitute an assault. Appellant insists that his proof showed this phase of the case, and that his defense should have been given as embodied in the requested charges. We do not believe this contention is sound. Concede the mortgage gave full authority to appellant, on default in the payment by the prosecutrix for the rugs, to take peaceable possession of the same; still he had no right to go to the home of prosecutrix and enter the same and take possession of the goods against her consent, the evidence showing there was a controversy as to the balance due, which she insisted was only 50 cents, while he insisted there was $1 due. Nor do we agree that he was in possession of the rugs by merely taking manual possession of the same in the room without her consent. The room was her home, and it and all therein was in her possession, and she had a right to prevent appellant or anyone else from taking the goods that were in her possession in said room from the same without her consent; and appellant had no right to forcibly eject her from the door and so take his departure with her goods. In this holding we are not nullifying appellant's rights under the contract. This, as we understand it, only gave him authority to take possession with her consent, and not against her consent. If she improperly withheld this consent, the courts were open to him. At any

rate he was not in possession of her rugs while they were in her room, and although he may have taken hold of them, his possession was not complete as long as she refused to allow him to take possession of the same and depart from the room with the goods. The law of contracts gave him no such right as was set up in this defense, and the court did not error in refusing the special charges.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

BROOKS, Judge, absent.

[NOTE.—Appellant's motion for rehearing was overruled May 15, 1901, without a written opinion.—Reporter.]