### PAGAN v. DRAKE FURNITURE CO.

PUNITIVE DAMAGES.—Portions of charge complained of, taken in connection with the whole charge, could not have influenced the jury to give punitive damages for a mere wrong, but for a wrong committed in a reckless, high-handed, wanton spirit.

Before Gary, J., Richland, July Term, 1905. Affirmed.

Action by Louisa Pagan against Drake Furniture Company. From judgment for plaintiff, defendant appeals.

*Messrs. Clark & Clark* and *D. W. Robinson,* for appellant. The former cites: *Punitive damages are only awarded for wantonness:* 13 Ency., 105, 107, 54 S. C., 507; 52 S. C., 344; 57 S. C., 228; 60 S. C., 74; 72 S. C., 15. *If there is no evidence to sustain an allegation, Judge should so instruct the jury:* 62 S. C., 562; 69 S. C., 453.

*Mr. Robinson* cites: *Punitive damages are only awarded for wilful invasion of private right:* 60 S. C., 73; 54 S. C., 506; 12 L. R. A., 113; 32 L. R. A., 543; 62 S. C., 235, 331; 65 S. C., 42, 126; 60 S. C., 57; 69 S. C., 115, 165. *Act may be done wrongfully, but not wilfully, and then actor is not liable for punitive damages:* 69 S. C., 44; 2 Suth. on Dam., 1093; 29 S. C., 278; 62 S. C., 270; 14 Rich., 253; 12 Ency., 2d., 24; 46 Wis., 118. *If no evidence is offered to support an allegation, Judge should so instruct jury:* 62 S. C., 562.

*Messrs. Frank G. Tompkins and Logan & Edmunds,* contra.

February 28, 1906. The opinion of the Court was delivered by

Mr. Justice Woods. The complaint in this case alleges in substance that the defendant, by his agents and servants, entered the premises of plaintiff, demanded payment of money due by her to him, and upon her failure to pay, recklessly, wilfully and maliciously seized a tablecloth of the value of $1.51 belonging to her, and forcibly and against her will carried it away; and that in making this seizure, defendant's agents, for the purpose of frightening her into compliance with their demands and humiliating her, used

language calculated to frighten and intimidate, and which did frighten plaintiff and subject her to nervous shock. Damages were alleged and demanded in the sum of $1,000. The defendant in his answer alleges that the tablecloth was his property, hired to plaintiff, and that it was taken under the right given by a written contract with her, and denies that he acted recklessly, wilfully or maliciously. Under the issue thus made the plaintiff recovered a verdict of $100.

The defendant's appeal depends mainly upon whether the Circuit Judge committed the error of charging that punitive damages could be inflicted for "a wrong" which would mean any wrong, though unaccompanied by recklessness, wantonness, wilfulness, malice, or high-handed conduct. We do not think the jury could have received that impression. It is true, that the Circuit Judge did say: "Now, as to the question of punitive damages: the object of punitive damages is to punish a wrong. In deciding as to whether or not you should award punitive damages, you will determine whether there has been a wrong committed on the plaintiff by the defendant; and that brings up the question of the taking of the tablecloth." But he immediately followed this with the following statement, which indicated that the issue was whether the seizure was a wanton and high-handed wrong: "There is no issue that the defendants took possession of the tablecloth, but there is where the difference on the question of fact comes in; the contention of the plaintiff being that they did it in a reckless, high-handed, wanton spirit, against her wishes; the contention of the defendant that she agreed to them taking the property, and they did nothing more than actually go there and take the property."

That the impression conveyed to the jury was that the wrong for which they might give punitive damages should be reckless and high-handed is further evident from this language of the charge: "So if nothing was due for the purchase of the tablecloth, then they would have no right to take it. If condition had been broken, then they would have the right to take it peaceably and quietly; if that was the

manner in which the taking was done, past due, condition broken, and they took it peaceably and quietly, they would have the right to do that. If not, and they took it in a reckless, high-handed manner, and in the taking she was injured, in addition to that injury you might award, as I say, punitive damages, in order to punish a wrong, if they committed a wrong. If there is no wrong, there is no right of action. If they have committed a wrong, in addition to actual damages sustained, you can award punitive damages. If you think it is a case for punishment, you can award punishment by your verdict. That is the theory of punitive damages." The exceptions on this point cannot be sustained.

Manifestly, it would have been an error to charge, as defendant contends the Circuit Judge should have done, that there was no evidence "that plaintiff was intimidated, frightened or subjected to nervous shock," in the face of the testimony on the part of the plaintiff that in her own home one of the defendant's agents drew a pistol and cursed her and threatened to kick her, and used considerable violence in seizing the tablecloth, causing the plaintiff to cry.

It is also clear from the evidence above recited, that it would have been error for the Circuit Judge to charge, as he was in effect requested by the defendant to do, that the plaintiff could only recover the value of the tablecloth without punitive damages, even if nothing was due by plaintiff under the contract which defendant claimed conferred on him the right to seize.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.