## INVALIDITY OF A WAIVER OF THE RIGHT OF HOMESTEAD EXEMPTION.

Court of Insolvency of Hamilton County.

IN RE ASSIGNMENT OF ADAM BECKENHAUPT.

Decided, April, 1918.

*Homestead Exemption—Waiver of, by Executory Agreement Not En-
forcible—Contrary to Public Policy Because of Protection Afforded
to Family.*

1. A debtor, in the absence of an express statutory provision authoriz-
ing him so to do, can not waive by executory agreement his right
to homestead exemption in advance of the assertion of such right,
and a waiver of such exemption, incorporated into a promissory
note by the maker thereof, is against public policy and without
effect.
2. An agreement incorporated in a promissory note to pay an attor-
ney's fee in the event of non-payment of the note at maturity is
also against public policy and void.

*Edward J. Dempsey,* for Beckenhaupt and wife.
*J. T. Rhyno,* for Mary A. Crone.

KELLEY, J.

This matter is before the court on the motion of Mrs. Carrie Beckenhaupt, wife of the assignor herein, for an allowance of $500 in lieu of homestead exemption. The claim is resisted by Mary A. Crone in an intervening petition who asserts a right to the fund superior to the assignor and his wife by reason of an unsatisfied instrument in writing which reads as follows:

"$500.00                    CINCINNATI, OHIO, April 18, 1908.
"One day after date for value received we promise to pay to Mary A. Crone or order, the sum of five hundred dollars with interest thereon from date until paid at the rate of six per cent. per annum payable semi-annually with exchange at the current rate and with costs of collection and an attorney's fee in case payment shall not be made at maturity. We hereby waive the benefit of all laws exempting real or personal property from levy and sale, or of any law intended for our advantage or protection. And we do hereby authorize any attorney at law to appear for us in an action on the above note at any time after said note becomes due in any court of record in or out of the state of Ohio, to waive the issuing and service of process against us and confess a judgment in favor of the legal holder of the above against us for the amount that may then be due thereon, with interest at the rate therein mentioned, and costs of suit, and to waive the right of appeal from the judgment rendered.
"(Signed):                    ADAM BECKENHAUPT,
                              "CARRIE BECKENHAUPT.
"Interest paid in full until April, 1915."

It is conceded that the agreement to pay an attorney's fee in case of non-payment at maturity is against public policy and void in this state, but does not destroy the negotiable character of the note under Sections 8106 and 8107, General Code. *Miller* v. *Kyle,* 85 Ohio St., 186.

The stipulation of the waiver of the right of appeal in the event of a judgment rendered is likewise against public policy and void. *Myers* v. *Jenkins,* 63 Ohio St., 101, 103.

The only remaining question then is, in the absence of an express provision in the statute, can the right to a homestead, or to exemption in lieu of a homestead, be waived in advance by

an executory agreement, such as is incorporated in the foregoing instrument?

There are many cases in Ohio affirming the doctrine of a waiver or relinquishment of a known right, or a statutory provision for one's benefit by express words or by conduct, but no case has been brought to the attention of the court where the precise, or a substantially similar question as here involved, has been judicially determined in this state.

One of the text writers, *Thompson, Homestead Exemptions*, Section 441, cites two Ohio cases, *Frost v. Shaw*, 3 Ohio St., 270, and *Butt v. Green*, 29 Ohio St., 667, in support of the text that a debtor can, in contracting a debt, waive his prospective right of exemption on the ground that such an exemption is a personal privilege which the debtor may waive at pleasure, but an examination of those cases does not seem to bear out the text. Both cases hold the debtor waived, not by an executory agreement to waive, but by neglect or omission in failing to select when the right thereto had accrued, and neither case can be held as an authority on the question here involved.

"The exemption of the homestead is not alone for the protection of the debtor, but its object is to protect his family from the inhumanity which would deprive its dependent members of a home, and in aid of this wise and humane policy, the act should receive as liberal a construction as can be fairly given to it." *Sears v. Hanks*, 14 Ohio St., 299; *Diehl v. Friester*, 37 Ohio St., 473.

Therefore, if the statutes of the state permit the homestead to be subjected to liability for debts, such liability can be acquired only in the manner provided by statute. *Butt v. Howell*, 50 Ia., 535; *McGuire v. Kennedy*, 91 Ia., 272.

The homestead can be alienated or conveyed in the manner provided by statute. It can be subjected to sale by mechanic's lien for purchase price, for taxes and the like, as provided in Section 11729, General Code, but in the absence of a statute, a prospective right of homestead can not be waived in advance by an executory agreement, such as is stipulated in the promissory note here involved.

It is true there are some states that hold to the contrary, but the overwhelming burden of authority is to the effect that it can not be thus waived.  And this rests principally upon the ground that such an agreement is not a mere personal privilege or right of the debtor alone, but his family is equally interested in the subject of the agreement, and such agreement is therefore held to be against public policy and unenforcible.

The basic authorities supporting this principle are: *Curtis v. O'Brien*, 20 Ia., 376; *Kneetle* v. *Newcomb*, 22 N. Y., 249; *Carter* v. *Carter*, 20 Fla., 558; *Maloney* v. *Newton*, 85 Ind., 565.

There are many other later authorities all to the same effect, but perhaps the latest on the subject is found in 13 R. C. L., Section 117, p. 658.  The author there states that:

"The courts generally, however, regard it as against public policy to sustain a waiver by an executory agreement of the right conferred upon a debtor, who is the head of a family, to claim as exempt, property which the law designs shall be exempt from levy or sale for the benefit in part of such family, and it is usually held that a homestead right when vested in the head of a family, can not be waived by contract in advance of the assertion of a homestead right.  Especially is this true where such an agreement is not included within the modes provided by statute by which the homestead right may be extinguished."

Approving these views, it makes no difference whether the instrument or note is signed by both husband and wife, or whether they have or have not any minor children, and in the opinion of this court, the intervenor by virtue of her instrument has no rightful claim to the fund, and the claim of the assignor and his wife to the fund, in lieu of homestead, is accordingly allowed.