Nippert, J.
Plaintiff is the owner of a certain note signed by the defendant.) Amelia M. Buller, of which the following is a copy:
“$400.00 Cum., Ohio, Mar. 15th, 1916.
“Thirty days after date for value received, I promise to pay to II. E. Gill or order, the sum of four hundred dollars, with interest thereon from date, until paid, at the rate of 6 per cent. per annum, payable-, with exchange at the current rate, and with costs of collection and an attorney’s fee, in case payment shall not be made at maturity.
“I hereby waive the benefit of all laws exempting real or personal property from levy and sale or of any law intended for advantage or protection.
“And I do hereby authorize any attorney at law to appear for me in an action on the above note, at any time after said note becomes due, in any court of record, in or of the state of Ohio, to waive the issuing and service of process against me, and confess a judgment in favor of the legal holder of the above against me, for the amount that may then be due thereon, with interest at the rate therein mentioned, and costs of suit; and to waive and release all errors in said proceedings, petitions in error, and the right of appeal from the judgment rendered.
“(Signed) Amelia M. Buller.”
*578 Eight cents in United States Internal Revenue Stamps canceled.
Endorsements: “H. E. Ginn.”
During the April term, 1917, plaintiff recovered judgment upon the said note. Before execution was issued, Amelia Buller took'advantage of the bankruptcy act and was adjudged a voluntary bankrupt in the federal court of this district. The plaintiff, attempting to collect on his judgment, secured in the common pleas court, was met by defendant’s affidavit in support of her claim for homestead exemption.
The question arises now, whether, under the terms and conditions of said note, the defendant has waived all her rights for homestead exemption under the statutes of our state, thus giving plaintiff the right to collect his judgment on defendant’s property, which otherwise would have been exempt from execution.
The court has been unable to find any reported case covering this particular point in Ohio, but similar questions under similar statutes have been passed upon frequently in other states.
Section 11725 of the General Code provides as follows:
“Every person, who has a family, and every widow, may hold property exempt from execution, attachment or sale, for debt, damage, fine or amercement, as follows:”
The statute then enumerates various items or amounts of money in lieu thereof which such person may claim exempt from execution.
And Section 11730 provides that:
“Husband and wife -living together, * * * may hold exempt from sale on judgment or order, a family homestead not exceeding one thousand dollars in value. The husband, or in case of his failure or refusal, the wife may make the demand therefor; but neither can be allowed such demand, if the other has a homestead. In case of assignment, for the benefit of creditors, upon filing the written consent of husband and wife to the sale of homestead property exempt by law, such homestead may be sold subject to the dower and homestead right herein provided.”
But Section 11729, provides that the right to homestead exemption,
*579 “shall not extend to a judgment rendered on a mortgage executed by a debtor and his wife, nor to a claim for manual work or labor, less than one hundred dollars, nor to impair the lien by mortgage or otherwise, of the vendor for the purchase money of the premises in question, nor the lien of a mechanic, or other person, under a statute of this state, for materials furnished or labor performed in the erection of the dwelling-house thereon, nor for the payment of taxes due thereon.”
In the case at bar, Mrs. Buller attempted, in her note of March 15, 1916, to waive the benefit of all laws exempting real or personal property from levy and sale or of any law intended for advantage or protection.
Since plaintiff’s claim on the promissory note of Mrs. Buller does not fall within any of the specific classes of cases set out in Section 11729, the question to be determined is, whether the homestead right of Mrs. Buller is barred under the express provisions of the statute.
There being no decisions in point to be found among the reported cases of our state, we are forced to look to other states where this question has been decided by the courts of last resort. There is none which is more concise upon this subject than the ease of Curtis v. O’Brien, 20 Iowa, 376, where the court in a short but clear opinion lays down the principle that—
“A waiver of exemption laws, contained in a note, will not, when a judgment is obtained on such note, entitle the plaintiff to have his execution levied upon property exempt from execution by the general law of the state.”
The court, commenting upon this principle, says:
“The justice, wisdom, propriety and sound policy of exemption laws are as well recognized, and these laws are as fully the settled policy of the state as the exemption from imprisonment for debt. * ® ® The statute itself has provided for the execution of valid mortgages, without limit as to the property mortgaged. ’ ’
The court does not look with favor upon parties to a contract inserting or attaching conditions thereto which would defeat the statute or render nugatory its most ’beneficent expressions *580 or provisions. That such an agreement is contrary to public policy and will not be enforced has been the law in the state of Iowa since that question was first raised in that state in 1866.
It is also the law in Kentucky as laid down in Moxley v. Ragan, 10 Bush., 156, where the court held:
“An executory contract by which a debtor agrees to waive all benefits under the exemption laws is against public policy, like agreements to waive the benefit of the bankrupt act or statute of limitations, and can not be enforced. The recitals in such agreements can not constitute an estoppel.”
The same principle has been laid down by the Supreme Court of Missouri in the ease of Meyer Bros. Drug Co. v. Bybee, 179 Mo., 355, where the court say:
“The purpose of the homestead law is to protect the wife and children and other members of the homesteader’s family, and not the father or husband alone, and he can not, by a simple declaration, either in writing or otherwise, made at the time the debt was contracted, render nugatory that law. *' * * That the homestead exemption was founded upon principles of the soundest policy can not be questioned. Its design was not only to protect citizens and their families from the miseries and dangers of destitution, but'also to cherish and support in the bosoms of individuals those feelings of sublime independence which are essential to the maintenance of free institutions.”
The Supreme Court of the state of Florida, in the case of Carter’s Admrs. v. Carter, 20 Fla., 558, laid down the same doctrine clearly and forcibly.
The state of Pennsylvania is the only state where there appears to be a leaning in favor of the creditor in the interpretation of a contract similar to the one at bar.
In the state of New York, in the leading case of Kneetle v. Newcomb, 22 New York, 250, the rule which we are following here was clearly announced in the following language:
“A few words contained in any note or obligation would operate to change the law between those parties, and so far disappoint the intentions of the Legislature. If effect shall be given to such provisions, it is likely that they will be generally inserted in obligations for small demands, and in that way the policy of *581 tbe law will be completely overthrown. Every honest man who contracts a debt expects to pay it, and he believes he will be able to do so without having his property sold on execution. No one worthy to be trusted would, therefore, be apt to object to a clause subjecting all his property to levy on execution in case of non-payment. It was against the consequences of this over-confidence, and the readiness of men to make contracts which may deprive them and their families of articles indispensable to their comfort, that the Legislature has undertaken to interpose.”
So, in the ease at bar, Mrs. Biuller, being a married woman and having a right under Section 11730 to claim a homestead exemption, except as limited by Section 11729, the law will not permit her to enlarge upon that which the statute has decreed should be the rule.
In view of these decisions and many others, too numerous to mention, the plaintiff can not proceed to collect his judgment in this action against the defendant, Amelia M. Buller.