Ed GIRARD, Appellant, v. A. W. ANDERSON, Appellee.

No. 42369.

November 20, 1934.

Rehearing Denied March 18, 1935.

Breen & Breen, for appellant.

Thomas & Loth, for appellee.

Kintzinger, J.—On the 27th day of August, 1929, the plaintiff purchased a secondhand piano from the defendant for $125, paying $50 down, the balance to be paid January 1, 1930. Appellant gave his promissory note for the purchase price, and the $50 payment was indorsed thereon. The contract provided that "in case of any default made in the payments * * * it shall be right and lawful for me * * * *to peaceably or forcibly, and without process of law,* enter the premises where said property is * * * and to take * * * possession thereof. * * * And all * * * payments made * * * may be considered as rent for the * * * use of said property."

The evidence shows that the plaintiff-appellant failed to make the payments due on January 1, 1930; it also shows that the defendant accepted further payments on the contract as follows: August 27, 1929, $20; February 25, 1930, $20; March 7, 1931, $10; March 17, 1931, $10; October 29, 1932, $3; a total of $113. Appellee claims that with interest, there is still a balance of $30 due.

144

The testimony on the part of appellant shows that he and his family left their home to call on relatives at about 11 a. m., Saturday, January 28, 1933, and did not return until about 4:30 that afternoon; that when they left home all the doors were locked. During their absence two employees of the defendant, without appellant's consent, and without notice, broke and entered appellant's home, retook possession of the piano, and returned it to defendant's store. Defendant's employees say that the door through which they entered was not locked, but that they turned the doorknob, opened the door, entered the house, and took the piano. Appellee resold the piano the next Monday morning. Plaintiff's family also testified they kept money in the piano and that it contained $27 when taken. On the following Monday, appellant went to defendant's store to inquire about the piano and the money. The appellee said he had resold the piano, and thereupon both he and appellant went to search the piano, but on examination found no money therein. Defendant and his employees say they examined the piano after it was returned to the store Saturday but found no money.

The principal error complained of is the giving of instruction No. 5. In that instruction the court said:

"You are instructed that the contract, Exhibit 'A', and all terms and conditions thereof which may be of any materiality in this case are perfectly legal and binding *and fully protect the defendant from any liability in this case,* except the claimed liability of the defend-- ant for the money which plaintiff alleges was stored in the piano. * * * If the terms of the contract, Exhibit 'A' were not waived by the defendant, *the defendant is in no manner liable* to the plaintiff in this case for the claimed conversion of the piano, because the defendant did no more than the contract as written gave him the legal right to do."

Under this instruction the defendant could, without legal process, forcibly break and enter the buyer's home in his absence, for the purpose of repossessing the piano, without being in any manner liable therefor. The question of plaintiff's right to recover any damages therefor was withdrawn from the jury.

The petition alleges that at the time in question, "while plaintiff and his family were absent from their home * * * the defendant maliciously and unlawfully broke into and entered said home * * * and removed the piano therefrom"; that the piano "con-

tained * * * $27 in cash, which defendant * * * converted to his own use; * * * that by reason of the *'taking'* and 'converting' * * * of said piano and * * * money * * * plaintiff sustained actual damages in the sum of $112." The petition also alleges *"that by reason of the wrongful, malicious and unlawful * * * breaking * * * and entering * * * plaintiff's dwelling, plaintiff is entitled to punitive damages in the sum of $500."* The petition is all in one count and in effect alleges (1) damages for the conversion of the piano, (2) damages for the conversion of the money, and (3) damages for the wrongful breaking and entering the home.

Appellee contends there was no breaking and entering; that the door was unlocked, and his agents merely turned the door-knob, opened the door, and entered. Under our decisions, this would constitute a breaking and entering; but if that should not be considered a breaking and entering, appellant's evidence shows that the doors were all locked when plaintiff left home, and it was therefore a question for the jury.

It is suggested that plaintiff is not suing for "trespass" but for "conversion." The allegations of the petition, however, are broad enough to include damages for *both* "trespass" *and* "conversion." Under our Code system of pleading, it is only necessary to state the facts, and if they are broad enough to include a claim of damages for both "trespass" and "conversion," then instruction No. 5 would be clearly erroneous. It is immaterial what the cause of action may be called, but if a good cause is stated, and supported by evidence, it would be highly prejudicial to tell the jury that the conditional sales contract "fully protects defendant from any liability in this case."

The question of damages for conversion of the money was properly submitted to and determined by the jury, and we are not concerned with that question.

The vital question is whether or not the seller had a right under the contract, without the buyer's consent, and without notice, to break and enter the buyer's home and forcibly retake the piano. Appellee contends that he had such right, providing he used no more force than was necessary to recover the piano.

It is the rule in a number of jurisdictions that, under a similar contract, the seller has a right to forcibly enter the buyer's home and retake possession of the property, without being liable in damages for either trespass or conversion, providing he used no

more force than necessary to recover possession of the property sold. 24 R. C. L. 486, section 779; W. T. Walker Furniture Co. v. Dyson, 32 App. D. C. 90, 19 L. R. A. (N. S.) 606; Lambert v. Robinson, 162 Mass. 34, 37 N. E. 753, 44 Am. St. Rep. 326; Wilmerding v. Rhodes-Haverty Co., 122 Ga. 312, 50 S. E. 100; North v. Williams, 120 Pa. 109, 13 A. 723, 6 Am. St. Rep. 695; Singer Sewing Machine Co. v. Hayes, 22 Ala. App. 250, 114 So. 420; Allen v. Crofoot (N. Y.) 5 Wend. 507; Erskine v. Savage, 96 Me. 57, 51 A. 242; Sterling v. Warden, 51 N. H. 217, loc. cit. 240.

The courts are not in harmony as to the right of a seller under a conditional sale to forcibly break and enter purchaser's home in his absence, and retake the property sold, although the right to enter and take the goods is reserved in the contract. Appellant contends, however, that the true rule is that where any resistance is offered, the seller is required to resort to the courts to repossess the property sold; and "that the seller may render himself liable in tort if he exercises his right to retake possession in an unreasonable manner." 24 R. C. L. 486, section 779; vol. 2, Uniform Laws—Conditional Sales Act, p. 27, section 16; 55 C. J. 1288 (section 1313); Biggs v. Seufferlein, 164 Iowa 241, 145 N. W. 507, L. R. A. 1915F, 673; Barnes v. Martin, 15 Wis. 240, 82 Am. Dec. 670; Bliss v. Johnson, 73 N. Y. 529; Van Wren v. Flynn, 34 La. Ann. 1158; Stewart v. F. A. North Co., 65 Pa. Super. 195; Pagan v. Drake Furniture Co., 73 S. C. 364, 53 S. E. 542; Culver v. State, 42 Tex. Cr. R. 645, 62 S. W. 922; Crews & Green v. Parker, 192 Ala. 383, 68 So. 287; Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89; Singer Sewing Machine Co. v. Phipps, 49 Ind. App. 116, 94 N. E. 793; Dominick v. Rea, 226 Mich. 594, 198 N. W. 184, 36 A. L. R. 850; Reinkey v. Findley Co., 147 Minn. 161, 180 N. W. 236; McCarty-Greene Motor Co. v. House, 216 Ala. 666, 114 So. 60; Abel v. M. H. Pickering Co., 58 Pa. Super. 439.

In a comprehensive discussion of this question, in Biggs v. Seufferlein, 164 Iowa 241, loc. cit. 251, 145 N. W. 507, L. R. A. 1915F, 673, we said:

"It is well settled that the mere right to the possession of property does not entitle the party to take the same from the one in the actual rightful possession by force or violence. But to recover possession, under such circumstances, resort must be had to legal proceedings. * * * Yale v. Seely, 15 Vt. 221. * * * The law will not permit or tolerate that persons take the settlement of conflicting

claims into their own hands. * * * The general rule is that a right of property merely joined with right of possession, will not justify the owner in committing an assault and battery upon the person in possession, for the purpose of regaining possession, although the possession is wrongfully withheld."

In Van Wren v. Flynn, 34 La. Ann. 1158, loc. cit. 1159, the court said:

"No one appreciating the jealous care with which our law guards the sacredness of every man's house and his lawful possession of property against invasion or disturbance, otherwise than by proceedings taken under the sanction and through the agency of the public justice, can question that, unless removed from its general principles by the effect of the agreement set up in defense, the acts which we have detailed constituted a gross outrage upon the rights and feelings of plaintiff, as a citizen and a man, for which courts of justice must either grant redress or sanction the personal exaction of satisfaction by violence. * * * The agreement established in this record cannot shield the conduct of defendant. It does not purport, in terms, to confer upon the defendant the right to enter the house of plaintiff, in his absence, without his consent, and without notice, and to carry off its contents."

In Stewart v. F. A. North Co., 65 Pa. Super. 195, loc. cit. 200, the court said:

"Such action has a tendency to excite a breach of the peace and invite violent resistance. * * * We are unwilling to give to the contract * * * a construction which would permit the lessor to batter down doors or break windows or engage in other acts of violence in the exercise even of an undoubted right to the possession of the chattel. The fact the plaintiff was temporarily away from his residence does not affect the question under the contract. *If its terms are sufficient to authorize the lessor to break into the premises when the tenant is out of the house, the same language would permit him to do so when the tenant was actually in the premises.* (Italics ours.) This construction * * * would be promotive of disorder and frequent breaches of the peace. The law affords adequate and orderly means of recovering possession of personal property similarly situated if the lessee refuse to comply with his agreement by delivering it when demanded and on that remedy the lessor should

rely without a resort to such force as amounts to a breaking and entering a dwelling house."

Of similar import are Crews & Green v. Parker, 192 Ala. 383, 68 So. 287, and Culver v. State, 62 Tex. Cr. R. 645, 62 S. W. 922.

The views expressed in the foregoing cases recognize our state and national constitutional provisions protecting the sacredness of the home. Article I, section 8, of the state Constitution provides:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated."

Under the rule as announced in this line of cases, the seller had only the right to take possession with the buyer's consent and not against his consent. If the consent was improperly withheld, the courts were open to him. The possession under authority of a contract may be exercised without recourse to the courts, only when the retaking can be done peaceably. 55 C. J. 1287. If it becomes necessary to resort to force, then the courts of the state are open for the protection of his rights. An agreement permitting a family's home to be broken open and entered for the purpose of forcibly taking possession of property therein is contrary to good public policy and void to that extent.

Public policy is that principle of law which provides that parties cannot agree to do anything which has a tendency to be injurious to the public or against the public good. Accordingly it has been held that agreements in violation of constitutional provisions are invalid. 13 C. J. 424. For similar reasons, it is held that agreements waiving the statutory exemption laws of the state are invalid. Curtis v. O'Brien 20 Iowa 376, 89 Am. Dec. 543; Rutt v. Howell, 50 Iowa 535; Sioux Valley Bank v. Honnald, 85 Iowa 352, 52 N. W. 244; Maguire v. Kennedy, 91 Iowa 272, 59 N. W. 36.

A violation of the state and federal constitutional provisions against the unreasonable invasion of a person's home gives the injured party a right of action for damages for unlawful breaking and entering. McClurg v. Brenton, 123 Iowa 368, 98 N. W. 881, 65 L. R. A. 519, 101 Am. St. Rep. 323; Krehbiel v. Henkle, 152 Iowa 604, 129 N. W. 945, 133 N. W. 115, Ann Cas. 1913B, 1156.

Although a number of cases support the rule that the seller has a right to forcibly retake possession of his property without resort to the courts, under a contract permitting him so to do, the

modern view is to the contrary. The Uniform Conditional Sales Act, now being adopted in many states, provides:

"When the buyer shall be in default * * * the seller may retake possession thereof. Unless the goods can be retaken without breach of the peace, they shall be retaken by legal process; but nothing herein shall be construed to authorize a violation of the criminal law." Section 16, Uniform Conditional Sales Act, vol. 2, p. 27.

Under the Uniform Conditional Sales Act it is also provided that the buyer be served with notice of the seller's intention to retake the goods. Vol. 2, Uniform Conditional Sales Act, p. 28, section 17, and is required to give notice where more than 50 per cent of the purchase price is paid. Vol. 2, Uniform Conditional Sales Act, p. 30, section 19.

The rights of the public are involved in a contract of this nature, because it has a tendency to violate the most sacred right of the home. We believe that the rule suggested by this court in Biggs v. Seufferlein, 164 Iowa 241, 145 N. W. 507, L. R. A. 1915F, 673, is peculiarly applicable to the facts in this case, and is controlling.

We are not willing to adopt a rule that will permit the seller under a contract of this kind to take the law into his own hands by forcibly retaking possession of property sold, where any resistance is offered by the purchaser. The courts are open to him for the protection of his rights in the manner pointed out by statute. In the present day, where innumerable articles of personal property are sold under a conditional sales contract, it would result in too many disturbances of the peace to permit sellers to forcibly retake possession of property in the manner shown in this case. If resort to force must be had, it should be secured through the proper legal outlets. It is our conclusion that the petition in this case is broad enough to include a claim of damages for forcibly breaking and entering into plaintiff's home, and the instruction given withdrawing that issue from the jury was clearly erroneous.

For the reasons expressed, we believe it was prejudicial error to give instruction No. 5. It is therefore unnecessary to consider other errors urged. Judgment of the lower court is accordingly reversed.

MITCHELL. C. J., and ANDERSON, DONEGAN, and EVANS, JJ., concur.