## CECIL BABER ELECTRIC CO. et al. v. GREER.

No. 28286.    Oct. 18, 1938.

Sigler & Jackson, for plaintiffs in error.

S. D. Williams, for defendant in error.

BAYLESS, V. C. J. L. H. Greer sued Cecil Baber Electric Co. et al. in the district court of Murray county, Okla., for damages for conversion of personal property and for trespass, and for punitive damages, and Baber appeals from the judgment rendered in Greer's favor.

Greer purchased an electric refrigerator from Baber on a conditional sales contract. Twenty-four monthly payments were to be made. May, 1935, Baber, deeming Greer in arrears on the payments, sent an agent to repossess the refrigerator under the following provisions of the contract:

"Time is of the essence of this agreement and if you or your assigns deem yourselves insecure for any reason, or if the undersigned fails to make any of said monthly installment payments, as above specified, all remaining installments may be declared immediately due and payable, and in the event of nonpayment the undersigned agrees on demand to return the said merchandise to you, or your assigns, and you or your assigns may without notice or demand and without legal process enter into the premises and take possession of said merchandise. * * *"

The witnesses disagree as to what actually occurred, but the number of witnesses and weight of the evidence support the trial court's finding that the agent removed the box from Greer's premises over Greer's protest and that only Greer's inability to procure weapons prevented a fight.

The sole issue is whether Baber's agent used force or breached the peace in repossessing the refrigerator as he did.

It is conceded that the rule in this jurisdiction permits a conditional vendor to repossess the property sold provided in so doing no violence, threats, force, or fraud is used. See First National Bank & Trust Co. v. Winter, 176 Okla. 400, 55 P.2d 1029, and cases cited therein.

It is equally clear that an act of repossession, without legal process, accompanied with acts of force or breach of the peace is wrongful. See Girard v. Anderson, 219 Iowa, 142, 257 N.W. 400, and the review of cases contained therein. See, also, Roberts v. Speck, 169 Wash. 613, 14 P.2d 33, and McClellan v. Gaston, 18 Wash. 472, 51 P. 1062, wherein it is said:

"Because a party to a contract violates his contract, and refuses to do what he agreed to do, is no reason why the other party to the contract should compel the performance of the contract by force. The adoption of such a rule would lead to a breach of the peace, and it is never the policy of the law to encourage a breach of the peace. The right to an enforcement of this part of the contract must, in the absence of a consent on the part of the mortgagor, be enforced by due process of law, the same as any other contract."

As pointed out in Yale v. Seely, 15 Vt. 221, the law will not permit or tolerate that persons take the settlement of conflicting claims into their own hands.

The plaintiff's evidence shows that he forbade the removal of the refrigerator from his premises, and that the agent defied him, told him to go to hell, and took it away. Greer saw that the agent was determined and abusive, whereupon he left to procure a weapon to protect his rights. The frame of mind into which each of these men fell clearly demonstrates the wisdom of the rule, and shows clearly that Baber's agent did what the law does not tolerate —he took the property by force and in a

542

breach of the peace. His superior must pay the penalty.

From the uncertainty of the state of Greer's account, as demonstrated by Baber's own testimony, it is reasonably apparent that Greer was acting within his rights in refusing to surrender the refrigerator. A conditional vendor's right to repossess peaceably without process must be clear.

Judgment affirmed.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.